[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
In this products liability action, plaintiff James Karat (Karat) seek to recover money damages from defendant Gunther Heussman, Inc. (Heussman) for certain serious physical injuries he claims to have suffered while attempting to unclog debris from his John Deere Model 300 Corn Husker on October 30, 1983. Karat claims that the corn husker, which was manufactured by Deere and Company, Inc. (Deere) of Moline, Illinois and sold to him by Heussman, was manufactured, sold, and delivered to him in a defective condition which made it unsafe for its intended use, and thus unreasonably dangerous to him, as its purchaser and user. CT Page 3651
The plaintiff commenced this action on December 5, 1991 by serving a summons and complaint on both Deere and Heussman, which it named as codefendants herein. At present, however, only Heussman remains a defendant in the case, for on September 16, 1993, Judge Richard Walsh granted defendant Deere's separate motion for summary judgment on the ground that plaintiff's claim against it was barred by General Statutes 52-577(a), the applicable statute of limitations.
Defendant Heussman now moves for summary judgment on the same ground previously advanced by defendant Deere, to wit: that the instant action is barred by General Statutes 52-577(a). It claims, more particularly, that since this claim was previously litigated between the plaintiff and defendant Deere, the plaintiff is now collaterally estopped from relitigating the claim against Defendant Heussman. For the following reasons, the Court agrees with the defendant, and orders that its Motion for Summary Judgment be granted.
 I
Summary judgment is a procedure designed to eliminate the delay which will be caused by holding a full-dress trial when there is no genuine issue to be tried. Kakadelis v. Defabritis,191 Conn. 276, 281, 464 A.2d 57 (1983). A motion for summary judgment should be granted if the pleadings, affidavits, and other supporting materials show that there are no genuine issues of material fact in dispute and that the movant is entitled to judgment as a matter of law. Practice Book 384; Scrapchansky v. Plainfield, 226 Conn. 446, 450, 627 A.2d 1329 (1993).
On a motion for summary judgment, the movant has the burden to show that there are no genuine issues of material fact in dispute. Plouffe v. New York, N.H. H.R. Co., 160 Conn. 482,488, 280 A.2d 359 (1971). "To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984). Unless, upon reviewing all of the evidence before it in the light most favorable to the non-moving party, the court concludes that the evidence is such as to entitle the moving party to a directed verdict, the court must deny the motion and let the case proceed to trial. State v. Gogin,208 Conn. 606, 616, 546 A.2d 250 (1988). CT Page 3652
 II
When a defendant pleads that the plaintiff's claim is barred by the applicable statute of limitations, it is ordinarily entitled to summary judgment if the materials submitted in support of its motion conclusively establish each essential element of its defense. Burns v. Hartford Hospital, 192 Conn. 451,472 A.2d 1257 (1984). When, however, the plaintiff seeks to defeat the defendant's defense by specially pleading matters in avoidance of that defense, the showing required of the defendant must be broadened to include facts which conclusively establish that the attack on the defense is also without factual support or legal merit.
In this case, the defendant has pleaded that the plaintiff's products liability claim is barred by the three-year statute of limitations set forth in General Statutes 52-577(a). In support of this claim, the defendant has clearly shown that the plaintiff commenced this action on December 5, 1991, more than eight years after the plaintiff's October 30, 1983 accident and injury, thus more than five years after the three-year limitation period had elapsed.
 III
The plaintiff concedes, as he must, that this action was commenced long after the three-year limitation period was over. He nonetheless opposes the defendant's Motion for Summary Judgment on the ground that his action is saved by General Statutes 52-592(a), Connecticut's accidental-failure-of-suit statute. Though the plaintiff has as yet not pleaded Section 52-592(a) in avoidance of the defendant's defense, the Court will address his claim in substance because the defendant has not objected to that failure to plead. Compare Ross Realty Corporation v. Surkis, 163 Conn. 388; 311 A.2d 74 (1972) (matters in avoidance of the statute of limitations must be specially pleaded) with Carnese v. Middleton, 27 Conn. App. 530,608 A.2d 700 (1992) (failure to plead a special defense may be treated as waived where the plaintiff fails to make appropriate objection).
General Statutes 52-592(a) provides, in relevant part, as follows:
 If any action commenced within the time limited by law, has failed one or more times to be tried on its merits . . . . because the action has been dismissed for want of jurisdiction, or the action CT Page 3653 has been otherwise defeated . . . . for any matter of form, . . . . the plaintiff . . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action . . .
Id. (Emphasis added). The plaintiff claims that the instant action is saved by Section 52-592(a) because it was commenced within one year after his prior identical lawsuit — timely filed against the same two defendants on January 11, 1986 — was dismissed for failure to prosecute under Practice Book 251. That claim, in turn, is based on his contention that the dismissal of his earlier lawsuit constituted a "defeat[ of the action] . . . for a matter of form," within the meaning of Section 52-592(a).
The defendant readily concedes that the plaintiff's prior lawsuit was dismissed for failure to prosecute under Practice Book 251 less than one year before the commencement of this action. It also concedes that the dismissal of a lawsuit for failure to prosecute is ordinarily to be treated as "defeat . . . . for a matter of form," for the purposes of General Statutes 52-592(a). In this case, however, the defendant contends that the dismissal in question resulted not from accident or simple negligence which can fairly be characterized as a "defeat. . . . for a matter of form," but from "blatant and egregious conduct," which cannot. See Skibeck v. Avon,24 Conn. App. 239, 587 A.2d 166 (1991); Lacasse v. Burns 214 Conn. 464,572 A.2d 357 (1990). Because, it further argues, Judge Walsh has already rejected the plaintiff's identical argument in the course of granting defendant Deere's prior motion for summary judgment, the plaintiff is collaterally estopped from relitigating that issue in the context of the instant motion.
 IV
To prevail on a claim of collateral estoppel, a party must first be able to demonstrate that the issue in question was actually decided against his opponent in an earlier proceeding, and that the decision on that issue was necessary to the judgment therein. Virgo v. Lyons, 209 Conn. 497, 501, 551 A.2d 1243
(1988); See also State v. Hope, 215 Conn. 570, 584, 577 A.2d 1000
(1990). "An issue is `actually litigated' if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined" 1 Restatement (Second), Judgments 27, comment (d)(1982). Second, he must show that the issue was fully and fairly litigated in the earlier proceeding. CT Page 3654 That is, he must show that in the course of that proceeding, his opponent had a full and fair opportunity to be heard on the merits of that issue. Aetna Casualty and Surety Company v. Jones, 220 Conn. 285, 296, 596 A.2d 414 (1991).
In determining whether the issue in this motion is identical to the issue decided by Judge Walsh in defendant Deere's prior summary judgment motion, it is first necessary to examine Judge Walsh's decision. Judge Walsh's ruling came to depend on his resolution of this single critical issue: whether the plaintiff's proven conduct in the handling of his earlier lawsuit was such that the dismissal of that lawsuit for failure to prosecute could fairly be held to constitute a "defeat . . . for a matter of form."
In deciding this issue, Judge Walsh detailed the following procedural history:
1. Original suit filed — January 3, 1986.
 2. Placed on dormancy list because pleadings were not closed February 8, 1987.
 3. Case dismissed for failure to prosecute with reasonable diligence and by the judge — June 19, 1987.
 4. Judgment of dismissal opened and placed on plea or motion — August 3, 1987.
5. Placed on dormancy list — pleading — August 21, 1987.
 6. Second judgment of dismissal for failure to prosecute with reasonable diligence and by the judge — December 4, 1987.
7. Amended complaint filed January 29, 1988.
8. Second judgment of dismissal opened on April 12, 1988.
9. Deere filed request to revise amended complaint on April 22, 1988.
10. Plaintiff filed objection to request to revise on April 28, 1988.
 11. Deere filed motion to dismiss for failure to prosecute with reasonable diligence and for failure to revise — August 2, 1989.
CT Page 3655
12. Plaintiff filed amended complaint — September 5, 1989.
 13. Motion to dismiss for failure to prosecute was denied — September 25, 1989.
 14. Plaintiff filed motion for default for failure to plead — December 26, 1989.
 15. Deere filed motion for nonsuit and for dismissal, claiming that plaintiff still had not complied with April 1988 request to revise — January 10, 1990.
16. Dormancy list pleading — August 31, 1990.
17. Pleadings closed as to co-defendant — November 1-5, 1990.
 18. Third judgment of dismissal for failure to prosecute with reasonable diligence and by judge — December 7, 1990.
 19. Motion to reopen the third judgment of dismissal filed February 21, 1991.
20. Deere objected to plaintiff's motion to reopen — March 1991.
 21. Plaintiff's motion to reopen the third judgment of dismissal was denied — May 8, 1991.
Memo, p. 2-3. After carefully reviewing this procedural history, including, especially, the months of inactivity which preceded the third and final dismissal of that action for failure to prosecute, Judge Walsh concluded as follows:
 After reviewing this case as a whole, and considering the rights of both parties, the court finds that as a matter of law, the plaintiff's lack of diligence has been blatant and egregious and well beyond the savings reach of Section 52-592. To conclude otherwise in this case would render meaningless the public policy of promoting finality in the litigation process and would make a mockery of the Statute of Limitations.
Memo, p. 7. On that basis, having previously analogized the case to Skibeck v. Avon 24 Conn. App. 239 (1991), where the granting of similar relief was upheld for similar reasons, Judge Walsh granted defendant Deere's motion for summary judgment. Memo p. 7. CT Page 3656
The plaintiff acknowledges that the legal claim, authority, and procedural history in the present motion are identical to the legal claim, authority, and procedural history in the motion decided by Judge Walsh. He contends, however, that their impact on the present motion is not the same as their impact on the prior motion.
The plaintiff claims, more specifically, that the issue resolved by Judge Walsh as to defendant Deere is not precisely the same as the issue here presented because his conduct in the earlier lawsuit vis-a-vis defendant Heussman was materially different than his conduct vis-a-vis defendant Deere. Specifically, he notes that in the final months of 1990, before his earlier lawsuit was dismissed for failure to prosecute for the third and final time, he did indeed close the pleadings against defendant Heussman, whereas he did not do so against defendant Deere. On that basis he argues that even if his conduct towards defendant Deere was so "blatant and egregious" as to warrant the forfeiture of his right to refile his action against Deere under General Statutes 52-592(a), such a finding is not warranted as to defendant Heussman.
In making this argument, plaintiff misreads the language of Practice Book 251 and fails to grasp the significance of his own prior conduct. Section 251 provides that when a party to an "action" fails to prosecute that "action" with reasonable diligence, "any party" to that action may seek the dismissal of "the action" for failure to prosecute. By this language, the judges of this Court have established a rule which treats a plaintiff's action against multiple parties as a single entity which a plaintiff must prosecute with diligence against each or risk suffering a dismissal as to all. The plaintiff is not required by law to join all potentially liable persons as defendants in a single action unless they are "necessary parties" to that action, as otherwise defined by law. See C.P.B. 152(3). When, however, he intentionally chooses to make two or more persons parties to a single action, he commits himself to prosecuting that action diligently against all parties on pain, if he fails to do so, of suffering a dismissal of his action under Practice Book 251.
By failing to close the pleadings against any one of many defendants, a plaintiff delays the ultimate resolution of his action against all defendants just as surely and completely as if he had failed to close the pleadings as to all of them. It is CT Page 3657 ultimately immaterial to any finding of failure to prosecute with reasonable diligence that the pleadings were closed by the plaintiff as to one party but not as to another.
Therefore, the issue presently before the court on defendant Heussman's motion for summary judgment — whether the dismissal of plaintiff Karat's prior lawsuit constituted a "defeat[ of that action] . . . . for a matter of form" — is identical to the issue decided by Judge Walsh on defendant Deere's motion for summary judgment. That very issue was properly raised, fully and fairly litigated, and actually decided by Judge Walsh as a necessary part of his ruling.
 V
The plaintiff's final contention is that even if the issue decided by Judge Walsh is identical to the issue which is now before this Court, he nonetheless should not be bound by Judge Walsh's ruling because defendant Heussman was not a party to the earlier motion. This argument is easily disposed of. Reduced to its essence, it is nothing but the now- discredited claim that collateral estoppel can only be invoked by one party against another when both were also parties to the prior action in which the issue in question was decided. Mutuality of parties is no longer required to invoke the doctrine of collateral estoppel in Connecticut. Aetna Casualty and Surety Company v. Jones,220 Conn. 285, 301, 596 A.2d 414 (1991).
This is so because it has reasonably been concluded that once an issue has been formally decided against a party who has had a full and fair opportunity to litigate it, it is as wasteful of judicial resources and as disruptive of the finality of judgments to let him relitigate that issue against a stranger to the original controversy as it is to let him relitigate it against his original opponent.
CONCLUSION
Against this background, the Court must find that the plaintiff is collaterally estopped from relitigating his entitlement to rely on Section 52-592(a) in the context of this case. Having formally decided that very issue as a necessary part of his decision on defendant Deere's identical motion, and having done so with the vigorous input of the plaintiff's lawyers, Judge Walsh did all that was necessary to bind the CT Page 3658 plaintiff in this and every other case in which that issue may arise. Therefore, because the defendant has eliminated any genuine issue of material fact as to both the elements of its statute of limitations defense and the merits of the plaintiff's anticipated plea in avoidance under Section 52-592(a), he is entitled to summary judgment as a matter of law.
So ordered on this 13th day of April, 1994.
Michael R. Sheldon Judge