MARY M. SKIBECK, EXECUTRIX (ESTATE OF CHESTER J. SKIBECK) *v.* BARBARA R. AVON
(8782)

FOTI, CRETELLA and LANDAU, Js.

Argued November 6, 1990—decision released March 12, 1991

*John J. Kennedy, Jr.,* with whom was *Diana S. Marshall,* for the appellant (plaintiff).

*J. Jeffrey Coughlin,* for the appellee (defendant).

CRETELLA, J. The plaintiff, on behalf of the estate of her late husband, appeals from a summary judgment rendered in favor of the defendant, Barbara R. Avon, who is also known as Barbara M. Reiner.

The relevant facts are not in dispute. The plaintiff's decedent and the defendant were involved in an automobile collision on January 26, 1979. On December 15, 1980, the plaintiff's decedent brought an action against the defendant for injuries he sustained in that accident. On March 8, 1983, that case was dismissed due to the failure of the plaintiff's decedent to appear at trial. A motion to open the judgment of dismissal was denied by the court, *Kulawiz, J.,* but a later motion for a new trial was granted by the court, *Chernauskas, J.*

On June 7, 1987, Judge Kulawiz, dismissed the case for a second time. That dismissal was for failure to prosecute, pursuant to Practice Book § 251.[1] The plaintiff's decedent filed a motion to reopen the second judgment of dismissal and it was granted by Judge Kulawiz.

On December 4, 1987, Judge Kulawiz again dismissed the case pursuant to Practice Book § 251. The plain-

---

[1] Practice Book § 251 provides: "DISMISSAL FOR LACK OF DILIGENCE

"If a party shall fail to prosecute an action with reasonable diligence, the court may, after hearing, on motion by any party to the action pursuant to Sec. 196, or on its own motion, render a judgment dismissing the action with costs. At least two weeks' notice shall be required except in cases appearing on an assignment list for final adjudication. Judgment files shall not be drawn except where an appeal is taken or where any party so requests.

"If a case is printed on a dormancy calendar pursuant to the dormancy program administered under direction of the chief court administrator, and a motion for default for failure to plead is filed pursuant to Sec. 128, only those papers which close the pleadings by joining issues, or raise a special defense, may be filed by any party, unless the court otherwise orders."

tiff's decedent's motion to reopen this third judgment of dismissal was denied. The denial of this motion was appealed to this court. That appeal was dismissed on March 3, 1988.

On June 10, 1988, the plaintiff executrix commenced the present action based on the same cause of action. Although this action was filed more than two years after the date of the accident, the plaintiff asserted in her complaint that the action was not time barred by General Statutes § 52-584 because it fell under the protection of the accidental failure of suit statute, General Statutes § 52-592.[2] The defendant filed a motion for summary judgment alleging that because the plaintiff did not meet the requirements of § 52-592 (a), the court had no jurisdiction to hear an action the factual predicate of which had occurred nine and one-half years prior to the filing of the action. The trial court granted the defendant's motion for summary judgment holding that the repeated dismissals and egregious conduct demonstrated in this case were never intended to be excused by the provisions of § 52-592.

On appeal to this court, the plaintiff claims that the trial court improperly concluded that the procedural

---

[2] General Statutes § 52-592 provides in pertinent part: "ACCIDENTAL FAILURE OF SUIT; ALLOWANCE OF NEW ACTION. (a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."

history and prior dismissals demonstrated egregious conduct, and that cases that are dismissed under Practice Book § 251 are dismissed for "matters of form," and, therefore, warrant the protection offered under § 52-592, the accidental failure of suit statute.

" 'Under § 251, the trial court is confronted with endless gradations of diligence, and in its sound discretion, the court must determine whether the party's diligence falls within the "reasonable" section of the diligence spectrum.' " *Lacasse* v. *Burns,* 214 Conn. 464, 474, 572 A.2d 357 (1990), quoting *Jaconski* v. *AMF, Inc.,* 208 Conn. 230, 234, 543 A.2d 728 (1988). In the case before us, the trial court concluded that the plaintiff's diligence did not fall within the reasonable portion of the spectrum of diligence contemplated by § 251. This fact alone, however, cannot overcome the broad remedial provisions of § 52-592. *Lacasse* v. *Burns,* supra.

Summary judgment may be rendered if the pleadings, affidavits and other proof show that there is no genuine issue of fact and that the movant is entitled to the judgment as a matter of law. Practice Book § 384; *Barnes* v. *Schlein,* 192 Conn. 732, 738, 473 A.2d 1221 (1984). Once the moving party presents evidence to support its motion for summary judgment, the opposing party must present demonstrative evidence that a factual issue exists. Id. In the present case, the parties do not dispute the procedural facts that have brought this case before us. Thus, we need review only whether the defendant was entitled to judgment in her favor as a matter of law.

Although we agree with the plaintiff that "a dismissal of an action pursuant to Practice Book § 251 constitutes a failure 'for any matter of form' within the meaning of General Statutes § 52-592 (a)"; *Pintavalle* v. *Valkanos,* 216 Conn. 412, 414 n.3, 581 A.2d 1050 (1990); a plaintiff's ability to rely on § 52-592 is limited to those

cases where the § 251 dismissal is rendered after the case failed because of accident or simple negligence. *Lacasse* v. *Burns,* supra, 473.

As previously noted, the trial court in the present case specifically held that "the egregious conduct of the plaintiff's case was never intended to be saved by the provisions of § 52-592." Under the circumstances of this case, we agree. The genesis of this cause of action is an automobile collision that occurred eleven years ago. Suit was first instituted ten years ago and the first dismissal, although saved by a motion for a new trial, was granted nearly eight years ago. The case was again dismissed and saved by a motion to open. The original action was finally dismissed in December, 1987. After nearly eight years, the plaintiff had not managed to prosecute her claim and try the case on its merits. The present action was filed six months later.

To allow this action to continue at this time would defeat the basic purpose of the public policy that is inherent in statutes of limitation, i.e., to promote finality in the litigation process. *Marangio* v. *Shop Rite Supermarkets, Inc.,* 11 Conn. App. 156, 160, 525 A.2d 1389, cert. denied, 204 Conn. 809, 528 A.2d 1155 (1987). "Although § 52-592 is a remedial statute and must be construed liberally . . . it should not be construed so liberally as to render statutes of limitation virtually meaningless." (Citation omitted.) *Pintavalle* v. *Valkanos,* supra, 417.

The judgment is affirmed.

In this opinion the other judges concurred.