[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
ISSUE
This is an action originally commenced on December 12, 1988, for CT Page 5398 personal injuries arising out of an automobile accident which occurred on January 20, 1987. The action was dismissed on June 22, 1990, pursuant to C.P.B. Sec. 251 for failure to diligently prosecute, with notice sent to all parties by the court on June 29, 1990.
Plaintiff subsequently brought the instant action against the defendants by complaint filed December 18, 1990, pursuant to C.G.S. Sec.52-592, the Accidental Failure of Suit Statute.
On January 11, 1991, the defendants moved to dismiss the action for lack of subject matter jurisdiction pursuant to C.P.B. Sec. 143(1). Parties have timely filed appropriate memoranda of law.
The Defendants maintain the C.G.S. Sec. 52-592 is inapplicable in this case because: (1) the original action was dismissed pursuant to C.P.B. Sec. 251 for plaintiff's failure to prosecute with due diligence, and (2) plaintiff failed to move to reopen the original action within four months of the judgment of dismissal.
C.G.S. Sec. 52-592(a) allows plaintiffs to initiate new actions based on prior claims when those claims were dismissed ". . . for any matter of form." (Underlining supplied).
Connecticut Courts "have consistently held that C.G.S. Sec. 52-592 is remedial in nature and thus, should be broadly and liberally construed." Lacasse v. Burns, 214 Conn. 464, 470 (1990). A claim dismissed for lack of due diligence may constitute failure "for any matter of form" as used in C.G.S. Sec. 52-592(a). Pintavalle v. Valkanos, 216 Conn. 412, 414 n. 3 (1990).
There is nothing before this court to indicate that the failure of the original action to be tried on its merits had not resulted from accident or even simple negligence. The fact that plaintiff failed to move to reopen the original action within four months following dismissal, is not, standing alone, sufficient to remove her from the remedial benefits of C.G.S. Sec.52-592.
Defendants have provided the court with no evidence of record to support their contention that plaintiff's original action failed as a result of "egregious conduct" on the part of the plaintiff. See Ahsen v. Olsen (Super. Court, Hartford, No. CV 88-0353105S, June 1991). Cf: Skibeck v. Avon, 24 Conn. App. 239, 242 (1991).
Motion to Dismiss denied.
WAGNER, J.