[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Karen Nassef, brings this action against the defendant, Marianna Kapinski, to recover for personal injuries sustained as a result of the defendant's alleged negligent operation of a motor vehicle. After the original action (D.N. 89-258727) was dismissed on December 7, 1990, for failure to prosecute with reasonable diligence pursuant to Practice Book 251, the plaintiff commenced this present action on August 20, 1991.[1]
In her revised complaint, which was filed on April 30, 1992, the plaintiff alleges that on August 12, 1987, she was a rear seat passenger on a motorcycle operated by Donald Worth. Worth was operating the motorcycle in a southerly direction on Beecher Street CT Page 9253 in Bridgeport. The plaintiff alleges that the defendant, who was operating her vehicle in a northerly direction on Beecher Street, crossed the center line and collided with Worth's motorcycle. The plaintiff alleges that she was thrown from the motorcycle and caused to suffer personal injuries. The defendant has now filed a motion for summary judgment (#117) pursuant to Practice Book 379, on the grounds that the plaintiff's revised complaint is legally insufficient and fails to state a cause of action upon which relief may be granted.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law," Lees v. Middlesex Insurance Co., 219 Conn. 644, 650,594 A.2d 952 (1991). Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion. Mingachos v. CBS Inc., 196 Conn. 91,111, 491 A.2d 368 (1985). Summary judgment may be used to challenge the legal sufficiency of the complaint in place of a motion to strike when the pleadings are closed. Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, 409, 279 A.2d 540 (1971).
In support of her motion for summary judgment, the defendant argues that General Statutes 52-592 does not apply to a "negligent failure of suit," and that the plaintiff was negligent because she failed to prosecute her claim with reasonable diligence. The defendant also argues that the plaintiff failed to file a motion to reopen within four months from the date that her suit was dismissed.
The plaintiff claims that General Statutes 52-592 applies to cases that were dismissed pursuant to Practice Book 251. The plaintiff also argues that the present action was timely commenced within the one year period provided by General Statutes 52-592.
The issue is whether one whose suit is dismissed for lack of diligence under Practice Book 251 may commence a new action under General Statutes 52-592(a), which provides in pertinent part that: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because . . . the action has been otherwise avoided or defeated for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action". CT Page 9254
A dismissal for lack of diligence entered pursuant to Practice Book 251 may constitute a failure "for any matter of form" and therefore does not preclude a plaintiff from commencing another action pursuant to 52-592. Lacasse v. Burns, 214 Conn. 464, 474,572 A.2d 357 (1990) ("the prior dismissals of the plaintiffs' actions, entered pursuant to 251, constitutes failures for any matter of form.") "[A] plaintiff's ability to rely on 52-592 is limited to those cases where the 251 dismissal is rendered after the case failed because of accident or simple negligence." Skibeck v. Avon, 24 Conn. App. 239, 242-43, 587 A.2d 166 (1991) (the trial court did not abuse its discretion in determining that repeated dismissals for failure to prosecute demonstrated "egregious" conduct which was never intended to be saved by 52-592).
The dismissal of the plaintiff's case for failure to prosecute with reasonable diligence pursuant to Practice Book 251 constitutes a failure "for any matter of form" under General Statutes 52-592. Since the plaintiff's action was dismissed pursuant to Practice Book 251 on one occasion only, the plaintiff's failure to prosecute constitutes simple negligence and the plaintiff is not precluded from commencing this new action pursuant to General Statutes 52-592. This contrasts with a situation which involves "egregious conduct" such as multiple dismissals pursuant to Practice Book 251, where, according to Skibeck, supra, the plaintiff's action could not be saved by 52-592.
In addition, the plaintiff timely commenced her new action within one year from the dismissal of her original action, as required by General Statutes 52-592(a).
The plaintiff's complaint is thus legally sufficient on its face and states a cause of action, and accordingly the defendant's motion for summary judgment is denied. If defendant can show "egregious" conduct on the part of the plaintiff as illustrated by Skibeck, supra, the proper mechanism to seek dismissal of the suit would be by way of a motion for summary judgment.
So Ordered
Dated at Bridgeport, Connecticut, this 7th day of October, 1992.
WILLIAM B. LEWIS, JUDGE