[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
The plaintiff, Melissa Lee, filed a one count complaint on July 12, 1993, against the defendant, Etta Lehrer pursuant to General Statutes 52-592 (the accidental failure of suit statute) seeking to recover money damages for injuries arising from her slip and fall accident on January 14, 1991.
The plaintiff's initial suit was timely filed on January 7, 1993, solely against the defendant's husband, Jack Lehrer. At the time of the initial failing, Jack Lehrer was deceased. Jack Lehrer passed away on March 31, 1977. On May 24, 1993, the court (Leheny, J.) granted the motion for summary judgment filed on behalf of Jack Lehrer by agreement.
In the present action, the plaintiff alleges that the defendant owns the premises at 2 Harvann Road, Norwalk, Connecticut. The plaintiff further alleges that on January 14, 1991, the plaintiff was dispatched to respond to an alarm at the property, in her capacity as a Norwalk police officer. The CT Page 11299 plaintiff claims that as she was checking the premises, she fell on accumulated snow and ice, and that the defendant negligently failed to remove the snow and ice from the premises and failed to warn persons entering the property of such danger.
The defendant filed a motion for summary judgment and an accompanying memorandum of law on September 30, 1993 on the ground that the plaintiff's second action is barred by the applicable statute of limitations. The plaintiff has not filed an objection to the motion for summary judgment.
Summary judgment should be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connell v. Colwell, 214 Conn. 242, 46, 571 A.2d 116 (1990); Practice Book 384. The burden lies with the moving party. Zapata v. Burns,207 Conn. 496, 502, 542 A.2d 700 (1988).
In support of her motion for summary judgment, the defendant argues that this action is barred by the two year statute of limitations found in General Statutes 52-584. The defendant also notes that the plaintiff brings this second action under the accidental failure of suit statute, General Statutes 52-592, and maintains that the accidental failure of suit statute does not save the plaintiff's cause of action from the terms of the statute of limitations because the plaintiff's original action was not defeated by the "death of a party" under General Statutes 52-592.
General Statutes 52-584 provides in pertinent part:
 No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct. . . .shall be brought but within two years from the date when the injury is first sustained or discovered in the exercise of reasonable care should have been discovered. . . .
The plaintiff's accident occurred on January 14, 1991. The present action was not commenced until July 12, 1993. CT Page 11300 Accordingly, the present action has been brought past the applicable statute of limitations.
General Statutes 52-592 provides in pertinent part:
 (a) [i]f any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accidental or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any manner of form. . . .the plaintiff. . . .may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after reversal of the judgment.
The accidental failure of suit statute permits a plaintiff to file a new action, beyond the statute of limitations bar, but within one year of the dismissal of the original action with certain limitations. Pintavalle v. Valkanos, 216 Conn. 412,581 A.2d 1050 (1990). "Although [General Statutes] 52-592 is a remedial statute and must be construed liberally. . .it should not be construed so liberally as to render statutes of limitations virtually meaningless." (Citations omitted.) Skibeck v. Avon,24 Conn. App. 239, 243, 587 A.2d 166 (1991).
The plaintiff's alleged injuries occurred on January 14, 1991. The defendant in the original action, Jack Lehrer, having died more than thirteen years prior to the plaintiff's alleged claim, it is impossible for him to have been responsible for the alleged acts of negligence.
"A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . .A right of action at law arises from the existence of a primary right in CT Page 11301 the plaintiff and an invasion of that right by some delict on the party of the defendant. The facts which establish the existence of that right and of that delict constitute the cause of action." (Citations omitted; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 546-47,590 A.2d 914 (1991).
Since Jack Lehrer did nothing to "invade the rights of the plaintiff" as a matter of law, no cause of action ever existed against him. Since no cause of action existed against him the original action did not fail due to the "death of a party'["] and the accidental failure of suit statute does not apply to this case. Based on the foregoing, the motion for summary judgment should be granted.
SAMUEL S. FREEDMAN, JUDGE