[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff initiated the present action pursuant to General Statutes § 52-592, the accidental failure of suit statute. The plaintiff's initial action was dismissed pursuant to Practice Book § 251. The defendant has moved to dismiss the current action, arguing that the plaintiff's prior action was not dismissed for "accident or simple negligence," thus precluding the plaintiff from pursing a second action under the accidental failure of suit statute. See Sibeck v. Avon,24 Conn. App. 239, 242-43, 587 A.2d 166 (1991) citing Lacasse v.Burns, 214 Conn. 454, 474, 572 A.2d 357 (1990) ("a plaintiff's ability to rely on § 52-592 is limited to those cases where the § 251 dismissal is rendered after the case failed because of accident or simple negligence"). A motion to dismiss may be used to raise the issue of whether General Statutes § 52-592
allows reinstitution of an action previously dismissed pursuant to Practice Book § 251. See Lacasse v. Burns, supra,214 Conn. 464.
Accordingly, the court must determine whether the prior action was dismissed due to accident or simple negligence, or whether the dismissal was the result of the plaintiff's egregious conduct, thus precluding the plaintiff from utilizing General Statutes § 52-592. Sibeck v. Avon, supra,24 Conn. App. 243-44 (nine year delay in failing to prosecute claim was so egregious as depriving plaintiff of ability to utilize General Statutes § 52-592).
 In cases where [the court has] either stated or intimated that the "any matter of form" portion of § 52-592 would not be applicable to a subsequent action brought by a plaintiff, [the court has] concluded that the failure of the case to be tried on its merits had not resulted from accident or even simple negligence. See Hughes v. Bemer, [206 Conn. 491, 495, 538 A.2d 703 (1988)] (failure to file a required memorandum of law operates as a consent to judgment on the merits resulting from granting a motion to strike); Pavlinko v. Yale-New Haven Hospital, 192 Conn. 138, 144, 470 A.2d 246 (1984) (dismissal pursuant to Practice Book 231 for deliberate refusal to answer questions at a deposition); ParrottCT Page 12644 v. Meachum, 161 Conn. 573, 575, 290 A.2d 335 (1971) (voluntary withdrawal of prior suit); Baker v. Baningoso, 134 Conn. 382, 387, 58 A.2d 5 (1948) (voluntary withdrawal of prior suit).
Lacasse v. Burns, supra, 214 Conn. 473. Nevertheless, "[a]lthough § 52-592 is a remedial statute and must be construed liberally . . . it should not be construed so liberally as to render statutes of limitation virtually meaningless." (Citations omitted; internal quotation marks omitted.) Sibeck v. Avon,
supra, 24 Conn. App. 243.
A review of the procedural history of the prior action, as represented by both parties at oral argument, is necessary to the determination of whether the case was dismissed for simple negligence or egregious conduct. Although the plaintiff's prosecution of the original action was far short of diligent, the two year delay does not constitutes egregious conduct, such as the nine years in Sibeck v. Avon, supra, 24 Conn. App. 239. In Sibeck, the "egregious conduct" complained of consisted of one dismissal for failure to appear at trial and two dismissals pursuant to Practice Book 251, occurring over an eight year period.
In the present case, the plaintiff's original action was initiated on January 21, 1992, and was dismissed for dormancy pursuant to Practice Book § 251 on June 23, 1993. The plaintiff then filed a motion to reopen on July 15, 1993, which was denied on August 8, 1993. The plaintiff filed a second motion to reopen which was granted on September 9, 1993. Then the case was dismissed for dormancy again on June 24, 1994, pursuant to Practice book Section #251. However, not all of the delay in the prosecution of the initial case can be attributed solely to the dilatory conduct of the plaintiff. Some delay was attributable to the defendant marking off motions due to the scheduling restrictions of his solo practice. In addition, other delays were attributable to the defendant's filing of a motion to transfer venue some eleven months into the proceedings, at which time the motion was granted and the file was transferred to from Bridgeport to Waterbury, where it was subsequently misplaced.
However, there appears to be an issue as to whether the defendant had fully complied with the discovery required to allow the plaintiff to revise the complaint. The plaintiff has asserted that the defendant had not fully complied with CT Page 12645 discovery, thus precluding the plaintiff from revising the complaint in the original action. The plaintiff asserted that the defendant has admitted the existence of discoverable documents by way of request to admit but has not produced these documents, which the plaintiff argues are required for the revision of the complaint. Although the defendant initially stated during oral argument that the plaintiff had completed discovery, the defendant on rebuttal argument did not contradict the plaintiff's assertions that discovery was not yet completed. Accordingly, the plaintiff argues that the prior case was dismissed for failure to prosecute because he was unable to amend his complaint due to the lack of discovery. The court finds that it does have subject matter jurisdiction over this action since it was properly commenced under General Statutes § 52-592(a). Therefore, the court denies the defendant's motion to dismiss.
The court would state here that it will not allow either party to engage in dilatory pleadings or activities relative to this case. If the same should occur, this court will deal with that problem in an expeditious manner.
/s/ William J. Sullivan, J. WILLIAM J. SULLIVAN