[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: NOTION FOR SUMMARY JUDGMENT
There is a substantial dispute between the parties as to what commenced means. It is clear to this court that the Accidental Failure of Suit Statute is designed to prevent a miscarriage of justice if the plaintiff fails to get a proper day in court due to the "various enumerated procedural problems." Legassey v.Shulansky, 28 Conn. App. 653, 659 (1992). Statute § 52-592 saves an action brought within one year of the termination of an original action which was commenced within the time limited by law but failed to be tried on the merits for reasons as set forth in the statute. It appears that from the amended return of service it demonstrates that the original action was brought within the time limited by law, so the present suit must survive the motion for summary judgment.
In Skibeck v. Avon, 24 Conn. App. 239, 343 (1991), the court indicated "although section 52-592 is a remedial statute and must be construed liberally . . . it should not be construed so liberally as to render statutes of limitations virtually meaningless." In that case where they found egregious conduct by the plaintiff, the, statute did not save it. The implication is that normal negligence would allow liberal construction.
Accordingly, the motion for summary judgment is denied.
KARAZIN, J. CT Page 5813