[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 1, 1997
The defendants, Southern New England Telephone Co. (SNETCO), Harvey Carter, and Ruan Leasing Co. (Ruan) move for summary judgment on the ground that the accidental failure of suit statute, G.S. § 52-592 is inapplicable to renew this action. Specifically, the defendants argue that the original action was dismissed under P.B. § 251 for a reason other than a matter of form and that the current suit alleges a different cause of action from that which was dismissed.
There is no genuine issue as to the following facts. The plaintiff, Henry Maubert, brought an action against the defendants on June 10, 1993, to recover for injuries allegedly caused by the defendants negligence in connection with a motor vehicle accident on June 11, 1991 on Route 6 in Hampton. On May 25, 1995 a pretrial conference was conducted by Judge Trial Referee Dannehy.
Upon learning that the plaintiff had yet to disclose the identity of a new, accident reconstruction expert the judge referee removed the case from the trial list. Upon disclosure of the new expert and the expert's report, the case would return to the trial list. Unfortunately, the removal from the trial list reeffectuated the dormancy program time limits and the case appeared on the dormancy calendar of October 17, 1995. On that date, the matter was ordered dismissed unless returned to the trial list by December 8, 1995. On December 8, 1995, the case was dismissed under § 251 for failure to prosecute with reasonable diligence. On March 22, 1996, the court denied the plaintiff's motion to open the dismissal.
On June 10, 1996, the plaintiff recommenced the action under § 52-592. The current complaint differs from the original complaint in the following ways. As to both counts, the direction CT Page 7309 of travel of the plaintiff is changed from easterly to westerly, as to SNETCO's count, paragraph 10 omits reference to "employees" of SNETCO; as to Carter and Ruan, statutory negligence under C.G. §§ 14-230 and 14-243 is replaced by C.G. §§ 14-218a and14-231 and certain common law negligence and recklessness allegations are added.
 I
The defendants' first contention is that the § 251 dismissal went beyond a breach of matter of form, placing the dismissed action beyond the reach of § 52-592 to reinstate. The other excusable conduct provisions of § 52-592 are immaterial to this case. The issue for the court to resolve is whether the failure to disclose an expert which results in a § 251 dismissal for failure to prosecute diligently is a defect as to matter of form.
Some § 251 dismissals are breaches of form and the underlying actions are revivable under § 52-592. Lacasse v.Burns, 214 Conn. 464, 474 (1990); Pintavalle v. Valkanos,216 Conn. 412, 419 (1990). However, other § 251 dismissals fall outside the purview of resuscitation under § 52-592. Skibeckv. Avon, 24 Conn. App. 239, 242 (1991). Dismissals under § 251 rendered because of simple neglect can be overcome by the broad, remedial provisions of § 52-592 Id., 242 and 243.
The Skibeck case, supra, involved "repeated dismissals and egregious conduct". The defendants cite no case in which reinstitution of an action under § 52-592, was refused because of a § 251 dismissal resulting from a single instance of inadvertence.
Lower court cases shed some light on this question. In Birov. Sidley and Austin, Superior Court, Stamford J.D., d.n. 149415, 17 CONN. L. RPTR. 629 (October 1, 1996), the trial court denied a motion to strike a complaint filed under § 52-592 where the § 251 dismissal was rendered for failure to comply with three discovery orders. Likewise in Gagliardi v. Home Depot. Inc., Superior Court, New Haven J.D., d.n. 337743, 9 CONN. L. RPTR. 355 (June 10, 1993), the trial court denied a motion to dismiss an action reinstituted under § 52-592 which had been dismissed under § 251 for failure to comply with discovery requests. Being twice dismissed under the dormancy guidelines was not so egregious to bar renewal of suit under § 52-592 in Perlmutterv. DL Transportation, Superior CT Page 7310 Court, Waterbury J.D., d.n. 122688 (December 9, 1994). A single § 251 dismissal was regarded as insufficient to prevent a second action under § 52-592 in Maclaughlin v. CapitalHousing Finance Corp. , Superior Court, New Haven J.D., d.n. 340473, 10 CONN. L. RPTR. 535 (December 17, 1993); and Nassif v. Kapinski, Superior Court, Fairfield J.D., d.n. 286670, 7 CONN. L. RPTR. 453 (October 7, 1992).
In the present case, the plaintiff's failure to reveal the new expert as required by the judge-referee was less than diligent but not so flagrantly violative of the rules of procedure as to remove this action from the curative provisions of § 52-592. The matter had been properly added to the trial list. The order removing it from the list until revelation of the expert precipitated the running of the dormancy schedule. The plaintiff's neglect in complying with the dormancy program resulted in the § 251 dismissal. This negligent inaction seems more a matter of form than the outrageous behavior present in Skibeck v. Avon, supra. The court holds that § 52-592 is available to the plaintiff on this ground.
 II
The defendant's second ground for preventing revival of the suit under § 52-592 is that the present complaint sets forth a different action than that previously dismissed. The court rejects this argument.
A cause of action is the collection of facts which the plaintiff claims to have caused injury and which entitles the plaintiff to relief. Rogozinski v. American Food ServiceEquipment Corp. , 34 Conn. App. 732, 738 (1994). Even though a single set of facts may entitle recovery on diverse legal theories, such as negligence or breach of contract it is still a single cause of action. Id.
The change in direction of travel appears corrective rather than descriptive of a second distinct motor vehicle accident. The omission of "employees" of SNETCO in paragraph 10 of the first count of the original complaint alters the meaning of that paragraph in the new complaint in no significant way. Even though the manner in which the defendants Carter and Ruan were purportedly negligent has been modified, the same underlying motor vehicle accident forms the basis for the plaintiff's claims of negligent and reckless behavior, in both complaints. CT Page 7311
For these reasons, the motions for summary judgment are denied.
SFERRAZZA, J.