[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff commenced this action on December 19, 1997. The plaintiff's complaint alleges as follows: Sometime in December of 1989, or January 1990, the plaintiff, Eugene Gulycz, purchased a bicycle that was manufactured by the defendant, Giant Bicycle Corporation. On September 17, 1990, while the plaintiff was riding the bicycle the brakes malfunctioned, causing the plaintiff injury. Defendant is sued under the Connecticut Product Liability Act, General Statutes CT Page 4013 § 52-572m et seq.
Although not referenced in any fashion in the plaintiff's present complaint, on September 17, 1993, the plaintiff timely commenced a similar prior action against the defendant. (Aff't of Brian Del Gatto, Def's Reply, Exhibit A.) That action was dismissed by the court for dormancy in June of 1995, reopened, and dismissed again for dormancy on December 27, 1996. The court denied plaintiff's motion to reopen the dormancy dismissal on May 27, 1997. (Del Gatto Aff't Exh.B.)
Presently before the court is the defendants motion to dismiss the current complaint on the grounds that the plaintiff's products liability claim is time barred by the applicable three-year statute of limitations, General Statutes § 52-577a (a). The defendant argues in support of its motion to dismiss that the incident giving rise to the plaintiff's claim occurred on September 17, 1990. The present action was commenced on December 19, 1997. Therefore, since the plaintiffs present complaint was not brought within the three-year time period applicable to products liability claims, the court lacks subject matter jurisdiction over the plaintiffs claim.
Additionally, the defendant argues that plaintiff's claim is not "saved" by the Accidental Failure of Suit statute, General Statutes § 52-592. Specifically, the defendant argues that the plaintiff's lack of diligence and egregious conduct pursuing his original claim does not entitle the plaintiff to relief under that statute.
The plaintiff argues in opposition to the defendant's motion to dismiss that the present complaint is not time barred by General Statutes § 52-577a, because the present complaint is "saved" by General Statutes § 52-592. Specifically, the plaintiff claims that the original action was filed within the three-year time period for products liability claims. Then, after the plaintiff's original action had been dismissed, the plaintiff commenced the present action within one year of the original action's dismissal. Therefore, the Accidental Failure of Suit statute renders the three-year statute of limitations inapplicable.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot CT Page 4014 as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914 (1991). "Jurisdiction of the subject-matter is the power [of the court) to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Konover v. Town of WestHartford, 242 Conn. 727, 740, 699 A.2d 158 (1997). In short, "[a] motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) Johnson v. Dept of Public Health,48 Conn. App. 102, 107 710 A.2d 176 (1998). The burden of proof as to such jurisdiction is on the plaintiff. Fink v.Golenbock, 238 Conn. 183, 199 n. 13, 680 A.2d 1243 (1996)
"Generally, a claim that an action is barred by the statute of limitations must be pleaded as a special defense . . . and then raised by a motion for summary judgment. Where, however, a specific limitation is contained within the statute which establishes the remedy, the remedy exists only during the prescribed period and not thereafter. In this situation, the court may properly raise the statute of limitations issue on its own motion because it is considered substantive or jurisdictional, and not subject to waiver." (Internal quotation marks omitted.) Warren v. Silent StalkerInc., Superior Court, judicial district of Milford, Docket No. 48866 (July 15, 1996, Ripley, J.).
Particularly, "the limitation of action based upon a product liability claim is contained in General Statutes § 52-577a." Id. A motion to dismiss is the proper procedural vehicle to raise the issue of whether a plaintiffs product liability claim has been commenced within that applicable statutory period. See Warren v. Silent Stalker.Inc., supra, Superior Court, Docket No. 48866; Panciera v.State, Superior Court, judicial district of New Haven at New Haven, Docket No. 362155 (December 8, 1994, Hadden, J.) (court may, under certain circumstances, "consider a statute of limitations issue on a motion to dismiss").
The applicable statute of limitations for claims sounding in products liability is General Statutes § 52-577a, which provides in relevant part: "(a) No product liability claim as defined in section 52-572m shall be brought but within three years from the date when the injury . . . is first CT Page 4015 sustained. . .
Here, the date on which the plaintiff alleges that he was injured as a result of the defendant's product is September 17, 1990. The plaintiff's present complaint was commenced on December 19, 1997. Consequently, over seven years have elapsed from the date of the incident to the time the present action was commenced. Thus, the complaint on its face is barred by the clear language of General Statutes § 52-577a (a). Only if that time limitation is avoided under § 52-592 is the plaintiff's product liability remedy preserved and subject matter jurisdiction retained by the court.
General Statutes § 52-592 provides in pertinent part:
(a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment.
Despite the plaintiff's argument that the present action has been brought pursuant to General Statutes § 52-592, and defendant's reply that such statute does not apply to these facts, nowhere in the plaintiffs present complaint is it alleged that the action is brought pursuant to that statute. However, a plaintiff need not plead the applicability of General Statutes § 52-592 in the second complaint, although such a practice is recommended. Parkes v. Patson'sConfectionary Corp. , Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 299236 (January 26, 1995, Cocco, J.); Gulycz v. Sandpiper Dunes, 8 CSCR 677 (June 3, 1993, Wagner, J.). Plaintiff can elect to instead plead same in reply to a special defense raising the time bar of § CT Page 401652-577a (a). Ross Realty Corporation v. Surkis, 163 Conn. 388,392, 311 A.2d 74 (1972). Therefore, although the plaintiff has not alleged that this action is commenced pursuant to General Statutes § 52-592, the court will address the applicability of the statute here.
Section 52-592, "is designed to prevent a miscarriage of justice if the [plaintiff fails] to get a proper day in court due to the various enumerated procedural problems. It is not a device for avoiding our well-settled rules of res judicata." (Internal quotation marks omitted.) Tirozzi v. ShelbyInsurance Company, 50 Conn. App. 680 688 ___ A.2d ___, cert. denied, 247 Conn. 945, ___ A.2d ___(1998); Legassey v.Shulansky, 28 Conn. App. 653, 659, 611 A.2d 930 (1992); Hollis v. State, Superior Court, judicial district of New Haven at New Haven, Docket no. 406665 (November 13, 1998, Devlin, J.).
"[General Statutes § 52-592] does not authorize the reinitiation of all actions not tried on [their] merits, only those that have failed for, among other reasons, any matter of form." (Citations omitted; internal quotation marks omitted.)Lacasse v. Burns, 214 Conn. 464, 471, 473, 572 A.2d 357
(1990).; Delahunty v. Massachusetts Mutual Life Ins. Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 408550 (April 28, 1998, Levin, J.). A dismissal entered pursuant to Practice Book § 251 (Dismissal for Lack of diligence) may constitute a failure "for any matter of form" and therefore does not automatically preclude a plaintiff from commencing another action pursuant to section52-592. Lacasse v. Burns, supra, 214 Conn. 474; Pintavalle v.Valkanos, 216 Conn. 412, 414 n. 3, 581 A.2d 1050 (1990);Morande Bros., Inc. v. Mazda Motors, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 576027 (October 28, 1998, Peck, J.).
However, "a plaintiff's ability to rely on § 52-592 is limited to those cases where the § 251 dismissal is rendered after the case failed because of accident or simple negligence." Skibeck v. Avon, 24 Conn. App. 239, 242-43,587 A.2d 166, cert. denied, 219 Conn. 912, 593 A.2d 138 (1991) (trial court did not abuse its discretion in determining that repeated dismissals for failure to prosecute demonstrated egregious conduct which was never intended to be saved by the provisions of § 52-592); Morande Bros., Inc. v. MazdaMotors, supra, Superior Court, Docket No. 576027. CT Page 4017
To determine whether the previous suit was dismissed because of simple negligence or egregious conduct, the court looks to not only the complaint but also the uncontested facts contained in the affidavit submitted on behalf of movant defendant. Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988). The affidavit establishes that plaintiff's initial suit was not only dismissed twice for dormancy more than 1 1/2 years apart but that plaintiff was and remained throughout in non-compliance with a court order concerning discovery compliance. The court finds such to be more than mere negligence. Such a failure to adequately prosecute a claim is egregious.
While the plaintiff both at the time that he commenced the present action and during the prior action was not represented by counsel, that fact is insufficient to excuse such conduct.[1]
"Although we are lenient to parties who represent themselves, such leniency should not be invoked as to affect adversely the other parties' rights. Furthermore, we will not wholly disregard our rules of practice, adherence to which is necessary in that the parties may know their rights and in order that the real issues in the controversy may be presented and determined." (Internal quotation marks omitted.) Lo Saccov. Young, 20 Conn. App. 6, 16, 564 A.2d 610, cert. denied,213 Conn. 808, 568 A.2d 792 (1989). "[W]here a party appears pro se, as he had every right to do, his rights and claim should receive the same consideration as if he had been represented by an attorney." (Internal quotation marks omitted.) Hospitalof Saint Raphael v. Montgomery. Superior Court, judicial district of New Haven at New Haven, Docket No. 362369 (August 1, 1996, Burns JTR.), aff'd, 45 Conn. App. 904, 692 A.2d 872
(1997).
Further, some seven plus years passed between the alleged incident and the initiation of the current suit, and the incident is now more than 8=1/2 years past. Although §52-592 is a remedial statute and must be construed liberally, it should not be construed so liberally as to render statutes of limitation virtually meaningless. Rosario v. Hasak,50 Conn. App. 632, 639, ___ A.2d ___ (1998); Pintavalle v. Valkanos, supra, 216 Conn. 417. "To allow this action to continue at this time would defeat the basic purpose of the public policy that is inherent in statutes of limitation, i.e., to promote finality in the litigation process." (Citation omitted.) Skibeck v. Avon,
CT Page 4018 supra, 24 Conn. App. 243.
Accordingly, on these facts § 52-592 does not act to avoid the time limitation of § 52-577a (a), and this claim is untimely. As a result, the court is without jurisdiction, and the case is ordered dismissed.
James T. Graham Superior Court Judge