[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 118)
The plaintiff, F.J. Polesak, Jr., filed a two-count revised complaint against the defendant, Medical Laboratory Services, Inc., pursuant to General Statutes § 52-592.[1] The plaintiff alleges that on or about January 23, 1990, he employed the defendant to draw blood from him for the purposes of conducting blood tests. The plaintiff alleges in count one that during the course of the blood-drawing procedure, agents of the defendant negligently injured the plaintiff's right arm. The plaintiff alleges in count two that the defendant's agents assaulted and/or battered the plaintiff.
The defendant has filed a motion for summary judgment on the ground that the plaintiff's claims cannot be saved pursuant to § 52-592 and therefore are beyond the statute of limitations in General Statutes § 52-584.[2] The defendant also seeks summary judgment on the second count for assault and/or battery on the ground that it does not set forth a viable cause of action. The plaintiff has filed an objection to the defendant's motion for summary judgment, and the matter was heard by the court on April 12, 1999.[3]
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted.) Dowling, Sr. v. Finley Associates, Inc.,248 Conn. 364, 369-70, ___ A.2d ___ (1999).
 A. Accidental Failure of Suit
CT Page 8659
The defendant relates the following procedural history in support of its argument that the plaintiff's claims are now beyond the two-year statute of limitations. According to the defendant, the plaintiff originally brought suit against it seeking recovery for the injuries alleged here in 1992. This original action was dismissed pursuant to Practice Book §14-3[4] on December 10, 1993, after two exemptions were granted. On December 28, 1993, the plaintiff moved to open the dormancy dismissal. The plaintiff's motion was not acted upon by the court until October of 1996, when it was denied by the court, Gormley,J. The plaintiff then filed the first complaint in the present action, which had a return date of January 21, 1997.
The defendant contends that waiting three years to obtain a court ruling on a motion to open a dismissal does not amount to the type of excusable neglect contemplated by § 52-592. The defendant cites Skibeck v. Avon, 24 Conn. App. 239, 587 A.2d 166
(1991), in support of the argument that if a matter has been dismissed under Practice Book § 14-3 numerous times and the trial court has refused to open the judgment of dismissal, summary judgment is appropriate where the plaintiff then attempts to file a new action relying on § 52-592.
The plaintiff agrees that the original matter was dismissed pursuant to Practice Book § 14-3 on December 10, 1993 and that he moved to open that judgment.[5] The plaintiff contends that he diligently attempted to have the motion to open heard by the court, and that the holding in Skibeck is not applicable to the facts of this case.
As both parties cite Skibeck v. Avon, supra,24 Conn. App. 239, to support their respective arguments, an examination of that case is both helpful and necessary. In Skibeck, the plaintiff and defendant were involved in an automobile accident in January of 1979, and the plaintiff brought suit in December of 1980 for personal injuries. Id., 240. In March of 1983 the plaintiff's case was dismissed because the plaintiff failed to appear for trial, but a new trial was subsequently granted. Id. A second motion to dismiss pursuant to Practice Book § 251, now § 14-3, was granted in June of 1987. Id. The court allowed the plaintiff to open the second judgment of dismissal. A third judgment of dismissal pursuant to Practice Book § 251, now § 14 3, was granted in December of 1987. Id. The motion to open the third judgment of dismissal was denied by the court, and CT Page 8660 the appeal of that decision was dismissed by the Appellate Court in March of 1988. Id., 240-41. In June of 1988, the plaintiff filed a second action pursuant to § 52-592. Id., 241. The trial court granted the defendant's motion for summary judgment, holding that the repeated dismissals and egregious conduct demonstrated by the plaintiff were never intended to be excused by the provisions of § 52-592. Id.
The Appellate Court began its analysis by noting that pursuant to Practice Book § 251, now § 14-3, "the trial court is confronted with endless gradations of diligence, and in its sound discretion, the court must determine whether the party's diligence falls within the reasonable' section of the diligence spectrum." Id., 242. The court then noted that lack of diligence alone would not overcome the broad remedial purposes of § 52-592, while also noting that "a plaintiff's ability to rely on § 52-592 is limited to those cases where the § 251 [now § 14-3] dismissal is rendered after the case failed because of accident or simple negligence." Id., 242-43. The court affirmed the judgment of the trial court, citing the length of time since the accident that had passed and noting that the passage of time was due to the plaintiff's inexcusable failure to prosecute her case. Id., 243. In conclusion, the court held that allowing the action to continue "would defeat the basic purpose of the public policy that is inherent in statutes of limitation, i.e., to promote finality of the litigation process." Id.
The defendant contends that the plaintiff's delay in obtaining a ruling on the motion to open the judgment of dismissal does not constitute excusable neglect pursuant to § 52 592. This argument ignores the fact, however, that on several occasions from 1993 through 1996, the plaintiff was in contact with the clerk's office, attempting to have his motion to open placed on the arguable calendar. (Objection To Motion For Summary Judgment, Attachments).
Considering these efforts, plaintiff should not be held accountable for the three years it took the court to act on the motion to open when calculating whether the statute of limitations can be extended through application of § 52-592. The court finds that the plaintiff has been reasonably diligent in attempting to litigate his claims against the defendant despite the fact that for three years, the prosecution of this action was stalled for reasons beyond the control of the plaintiff. Thus, although approximately nine years have passed CT Page 8661 since the alleged injury, the court finds that any delay attributable to the plaintiff constitutes excusable neglect. Accordingly, the defendant is not entitled to summary judgment on the ground that the statute of limitations has expired.
 B. Assault and/or Battery
The defendant seeks to have the court reexamine its decision on whether the allegations of assault and/or battery are legally sufficient. "The office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues." Burke v.Avitabile, 32 Conn. App. 765, 772, 630 A.2d 624, cert. denied,228 Conn. 908, 634 A.2d 297 (1993). "However, the motion for summary judgment properly tests the legal sufficiency of a cause of action when the pleadings are closed." Marinaccio v.Zaczvnski, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 565991 (May 14, 1998, Hennessey,J.) (22 Conn. L. Rptr. 159, 160)
The court previously found that the allegations in count three were sufficient based on the fact that "the plaintiff . . . alleged that the defendant and its employees falsely held themselves out to the plaintiff as being qualified to do the procedure. Furthermore, the plaintiff may be able to show during trial that he would not have allowed the defendant's employees to attempt the procedure had he known that they were not qualified. Because the plaintiff has alleged that the defendant's employees fraudulently misrepresented themselves as being qualified to perform the procedure and the plaintiff allowed them, based on that misrepresentation, to perform the procedure, the plaintiff has alleged sufficient facts to support an action for battery."Polesak v. Medical Laboratory Services, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 339545 (July 17, 1997, Skolnick, J.) (20 Conn. L. Rptr. 97, 99). The prior holding of the court therefore addresses the argument raised by the defendant concerning whether the assault and/or battery allegations are legally sufficient. In addition, the defendant seeks to rely on the plaintiff's deposition testimony regarding whether the plaintiff gave consent to the defendant's agents to draw blood from the plaintiff, arguing that such consent nullifies the plaintiff's claim that the defendant's actions constitute a battery. Nevertheless, whether the plaintiff gave such consent under the circumstances here raises a genuine issue of material fact which cannot be decided on a motion for CT Page 8662 summary judgment. See generally, Sullivan v. Scully, Superior Court, judicial district of Waterbury, Docket No. 125823 (March 20, 1998, Espinosa, J.) (21 Conn. L. Rptr. 550, 551) (demonstrating consent to use automobile pursuant to General Statutes § 52-183 raises question of fact)
Accordingly, the defendant's motion for summary judgment on the ground that the plaintiff's claims are barred by the statute of limitations contained in § 52-584 is denied, as the plaintiff's claims have been saved by the accidental failure of suit statute, § 52-592. Furthermore, the defendant's motion for summary judgment on the ground that the assault and/or battery allegations are insufficient is denied, as the basis for this argument raises a genuine issue of material fact.
SKOLNICK, J.