[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is the defendant, Stephanie Imperati's motion for summary judgment. In her motion, the defendant asserts two theories. First, she argues that she is entitled to judgment because the action was brought more than one year from the date of the entry of a non-suit therefore, she contends that the suit was brought beyond the time allowed by the accidental failure of action statute. Second, defendant Imperati argues that even if this court deems the filing of this action to be timely, she is still entitled to judgment because the conduct of the plaintiff is so egregious as to preclude the applicability of the accidental failure of action statute. The plaintiff filed a memorandum in opposition contending that he had filed this action within the required time period after it was dismissed pursuant to the dormancy program; and that his conduct was not egregious. For reasons more fully explained below, this court denies the defendant's motion for summary judgment.
The pertinent facts are as follows. This case arises from a motor vehicle collision which occurred on February 25, 1992. Defendant Imperati was the driver of a motor vehicle which collided with the plaintiff's vehicle. On February 17, 1994, the plaintiff initiated a CT Page 6199 lawsuit. On June 20, 1997, the court dismissed the action for failure to diligently prosecute. On December 1, 1997, the court granted the plaintiff's motion to reopen the judgment. On January 20, 1998, the court granted the defendant Imperati's motion to non-suit the plaintiff for failure to comply with discovery orders. On June 18, 1998, the court again dismissed the action for failure to diligently prosecute. The plaintiff commenced the present action on June 17, 1999.
The issues in dispute for this court to resolve are: whether or not the present action was brought within the one year limit of General Statutes § 52-592; and, if this court concludes that this action was brought in a timely fashion, whether § 52-592 applies.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact.. . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 554, 707 A.2d 15 (1998).
Section 52-592 provides, in pertinent part, that: "If any action . . . has failed one or more times to be tried on its merits because a judgment of nonsuit has been rendered . . . the plaintiff may commence a new action . . . for the same cause at any time within one year after the determination of the original action." This section "is remedial and is to be liberally interpreted." Ross Realty Corp. v. Surkis, 163 Conn. 388,393, 311 A.2d 74 (1972).
The defendant argues that the nonsuit entered against the plaintiff in the original action more than one year prior to the commencement of this action. The plaintiff counters that although the cause of action against the defendant Imperati was dismissed with the nonsuit, the original action was not dismissed until June, 1998. This court finds the plaintiff's argument more persuasive.
There is no question that a nonsuit entered against the plaintiff as to his cause of action against defendant Imperati. The action, however, was still pending. Were the action not pending, there would have been nothing for the court to dismiss on its dormancy calendar in June, 1998. Because the action was not dismissed until June, 1998, the plaintiff CT Page 6200 timely filed the instant action.
The defendant next argues that "plaintiff's conduct in pursuing the original cause of action was so egregious as to preclude his reliance on the [Accidental Failure of Suit] Statute". Memorandum in Support ofSummary Judgment, dated October 19, 1999. The defendant relies primarily on Skibeck v. Avon, 24 Conn. App. 239 (1991) to support her argument. The plaintiff maintains that his actions in the original case do not rise to the level of egregious conduct. Although this court deems the factual scenario to present a much less clear case than the plaintiff claims, ultimately, it agrees that the plaintiff is entitled to utilize the savings provision of the accidental failure of suit statute.
In Skibeck, the action was dismissed three times, before the appellate court addressed the issues raised in the case. In discussing its analysis the court stated: "the trial court is confronted with endless gradations of diligence, and in its sound discretion, the court must determine whether the party's diligence falls within the reasonable' section of the diligence spectrum." Skibeck, supra at 242. Explaining its holding, the court went on to write: "[a]s previously noted, the trial court in the present case specifically held that `the egregious conduct of the plainiff's case was never intended to be saved by the provisions of § 52-592.' Under the circumstances of this case, we agree. The genesis of this cause of action is an automobile collision that occurred eleven years ago. Suit was first instituted ten years ago and the first dismissal although saved by a motion for a new trial, was granted ten years ago. . . . To allow this action to continue at this time would defeat the basic purpose of the public policy that is inherent in statutes of limitation, i.e. to promote finality in the litigation process . . .". Id at 243.
In this case, the plaintiff failed to diligently prosecute the original case twice, resulting in dismissals of the action. In the original action, the plaintiff was nonsuited for failing to comply with discovery orders once, resulting in the dismissal of his cause of action against defendant Imperati. While the plaintiff came dangerously close to crossing the line dividing non-egregious and egregious conduct, this court holds that the plaintiff is entitled to rely on the provisions of C.G.S. § 52-592. Having already concluded that the original action was not dismissed until June, 1998, the court denies defendant Imperati's motion because this action was brought within one year of the dismissal of the original action.
Robinson, J.