[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION: RE MOTION FOR SUMMARY JUDGMENT
The above entitled matter concerns a subrogation action brought by the plaintiff, alleging that its insured was involved in an automobile accident on August 28, 1996. The instant action is the second action that the plaintiff has initiated concerning the same accident and the same cause of action. The first action, Worcester Insurance Co. v. LindseyB. Hollywood, CV 97-0162736 S, was served on the defendant on August 27, 1997 and was dismissed for disciplinary reasons on June 25, 1999. The instant action was commenced on June 25, 1999, when the defendant was served. Less than one year passed between the time that the original action was dismissed and the instant action was commenced. CT Page 5390
By way of a Motion dated July 17, 2000, the defendant moved for an entry of Summary Judgment in favor of the defendant against the plaintiff. The defendant asserts in said motion that the instant action is barred by the Statute of Limitations in C.G.S. § 52-584.
Section 52-584 of the Connecticut General Statutes concerns the limitation of actions for injury to person or property. This section provides that:
 No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed.
In the instant action, the accident that is the subject of this lawsuit occurred on August 26, 1996. The initial action was commenced on August 28, 1997 and dismissed on June 25, 1999. The instant action was commenced on May 17, 2000, when the defendant was served with process. It is clear that the instant action was filed in excess of two years of the date of the accident.
The plaintiff in this matter asserts that while the instant action was not filed within the time period required by § 52-584 C.G.S., the initial action was filed with the two-year period required by the statute of limitations and that although said action was dismissed on June 25, 1999 for disciplinary reasons, the instant action was brought within one year of said dismissal and that it may maintain this action in accordance with the accidental failure of suit statute.
Section 52-592 (a) of the Connecticut General Statutes concerns accidental failure of suits. This section provides that:
 If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or CT Page 5391 neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment.
In light of the fact that the initial action was dismissed for disciplinary reasons the Court must make a determination as to whether the plaintiff may avail itself of the benefit of the statute.
 . . . [A] dismissal entered pursuant to [Practice Book] § 251 would not bar a subsequent action brought under the authority of § 52-592." Lacasse v. Burns, supra, 214 Conn. 471; Gionfrido v. Wharf Realty, Inc., supra, 193 Conn. 34 n. 6. Disciplinary dismissals do not, in all cases, demonstrate the occurrence of misconduct so egregious as to bar recourse to § 52-592. Cf. Skibeck v. Avon, 24 Conn. App. 239, 242-43, 587 A.2d 166, cert. denied, 219 Conn. 912, 593 A.2d 138 (1991). Whether the statute applies cannot be decided in a factual vacuum. To enable a plaintiff to meet the burden of establishing the right to avail himself or herself of the statute, a plaintiff must be afforded an opportunity to make a factual showing that the prior dismissal was a "matter of form" in the sense that the plaintiffs noncompliance with a court order occurred in circumstances such as mistake, inadvertence or excusable neglect. See General Statutes § 52-212
. . .
 Ruddock v. Burrowes, 243 Conn. 569, 576-577 (1998).
The plaintiff has provided the Court with an Affidavit dated August 2, 2000. Said affidavit convinces this Court that the plaintiff has met its burden of proof that the conduct that led to the dismissal was not "so egregious as to bar recourse pursuant to § 52-592 C.G.S." and may CT Page 5392 avail itself of the benefits of the accidental failure of suit statute.
In light of the foregoing, the defendant's Motion for Summary Judgment is denied and the plaintiffs objection to the Motion for Summary Judgment is sustained. So ordered.
R.A. Robinson, J.