JAMES A. PEPITONE *v.* JEROLD W. SERMAN ET AL.
(AC 21963)

Mihalakos, Dranginis and Flynn, Js.

Submitted on briefs February 28—officially released May 7, 2002

*Paul Bialobrzeski* filed a brief for the appellant (plaintiff).

*David M. Spinner* filed a brief for the appellees (defendants).

*Opinion*

DRANGINIS, J. The plaintiff, James A. Pepitone, appeals from the judgment of the trial court rendered after it granted the motion for summary judgment in favor of the defendants, Jerold W. Serman and Jerold W. Serman, Inc.[1] On appeal, the plaintiff claims that the court improperly concluded that he could not bring his action under the accidental failure of suit statute, General Statutes § 52-592,[2] and, therefore, that his action is time barred by the applicable statute of limitations. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. On June 28, 1993, the plaintiff and the defendants entered into a contract wherein the plaintiff was to provide consulting services to the defendants for a period of forty-five days following the defendants' purchase of a particular property in Madison. In exchange for the plaintiff's consulting services, the defendants were to pay him a total of $47,500 by the final day of the forty-five day period.

The defendants closed on the subject property on September 30, 1993. On July 22, 1996, the plaintiff filed an action against the defendants, claiming breach of contract and nonperformance based on the defendants' alleged failure to pay the $47,500 due under the contract. The plaintiff also filed an application for a prejudgment remedy in July, 1996. A prejudgment remedy hearing was held on October 15, 1996. At the hearing, the individual defendant testified that he had paid the $47,500

[1] The defendants are Jerold W. Serman, individually, and his business, Jerold W. Serman, Inc., a Connecticut corporation.

[2] General Statutes § 52-592, the accidental failure of suit statute, provides in relevant part: "(a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."

to a third party pursuant to an order of garnishment. More significantly, the plaintiff revealed that he had a pending bankruptcy action. On the basis of the plaintiff's pending bankruptcy action, the court denied the plaintiff's application without prejudice and stayed the proceedings until the plaintiff filed an affidavit demonstrating whether the parties' consultant agreement was an asset of the bankruptcy estate.

The plaintiff failed to provide any information to the court regarding whether his claim against the defendants was an asset of the bankruptcy estate.[3] As a result, the court issued a dormancy notice to the parties in December, 1996, and dismissed the case for dormancy on February 14, 1997. The plaintiff filed a motion to open the case on February 24, 1997, which the court granted. There was no activity on the case until October 20, 1998, when the plaintiff filed a motion to restore the case to the docket, which the court granted on January 13, 1999.

Thereafter, there was no activity with regard to the case. Accordingly, the court issued notice on August 10, 1999, that if the plaintiff failed to close the pleadings by October 31, 1999, it would dismiss the case. In its notice, the court also reminded the plaintiff that he had not yet replied to the defendants' special defenses or answered the defendants' counterclaim, which had been filed in October, 1996. After the plaintiff failed to close the pleadings, on November, 19, 1999, the court dismissed the plaintiff's case pursuant to Practice Book § 14-3.[4] The plaintiff did not file a motion to open the dismissal.

---

[3] The record does not reveal whether the plaintiff has yet disclosed to the court whether the parties' consultant agreement was an asset of the bankruptcy estate.

[4] The court also noted the plaintiff's failure to reply to the special defenses and to answer the counterclaim.

The plaintiff commenced the present action on November 15, 2000. In counts one and two of the complaint, the plaintiff again alleged breach of contract based on the defendant's failure to pay the $47,500.[5] In the third and fourth counts, the plaintiff incorporated counts one and two, respectively, and alleged that he had brought his action pursuant to the accidental failure of suit statute, § 52-592. The defendants then filed a motion for summary judgment on the grounds that counts one and two were time barred by the statute of limitations, as set forth in General Statutes § 52-576,[6] and, further, that under the circumstances of this case, the plaintiff could not avail himself of § 52-592.

The court granted the defendants' motion for summary judgment on the ground that there is no genuine issue of material fact that counts one and two are time barred by the applicable statute of limitations.[7] Moreover, the court concluded that the plaintiff was not entitled to avail himself of § 52-592 because the dismissal of his case "was not a matter of form in the sense that it resulted from mistake, inadvertence or excusable neglect." This appeal followed.[8]

The plaintiff claims that the court applied improper legal standards in granting summary judgment in favor

[5] The plaintiff based counts one and two on his claim that the defendants acknowledged the debt during the prejudgment remedy hearing, thereby tolling the six year statute of limitations.

[6] General Statutes § 52-576 (a) provides in relevant part: "No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues . . . ."

[7] Specifically, the court determined that the defendants did not acknowledge the existence of the debt at the prejudgment remedy hearing and, therefore, the statute of limitations was not tolled. The plaintiff does not challenge that conclusion.

[8] The plaintiff does not challenge the court's conclusion that counts one and two are time barred by the statute of limitations. Rather, he claims that the court improperly determined that General Statutes § 52-592 does not apply to his case.

of the defendants. In essence, however, the plaintiff contends that the court improperly concluded that he was not entitled to avail himself of § 52-592.[9]

"The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . .

"On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Because the trial court rendered judgment for the [defendant] as a matter of law, our review is plenary and we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record." (Citations omitted; internal quotation marks omitted.) *Kronberg* v. *Peacock*, 67 Conn.

[9] In his brief, the plaintiff also makes the blanket statement that the court improperly employed a preponderance of the evidence standard in deciding the motion for summary judgment. The plaintiff fails to cite any particular language or portion of the memorandum of decision indicating that the court utilized such a standard. Accordingly, we need not specifically address that inadequately briefed portion of his claim.

App. 668, 671–72, 789 A.2d 510, cert. denied, 260 Conn. 902, 793 A.2d 1089 (2002).

As previously stated, § 52-592, the accidental failure of suit statute, provides in relevant part: "(a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment." Deemed a "saving statute," § 52-592 enables plaintiffs to bring anew causes of action despite the expiration of the applicable statute of limitations. *Gillum* v. *Yale University*, 62 Conn. App. 775, 781, 773 A.2d 986, cert. denied, 256 Conn. 929, 776 A.2d 1146 (2001). Although § 52-592 should be broadly construed because of its remedial nature, it should not be construed "so broadly as to hamper a trial court's ability to manage its docket by dismissing cases for appropriate transgressions." Id., 782.

Our Supreme Court in *Ruddock* v. *Burrowes*, 243 Conn. 569, 576–77, 706 A.2d 967 (1998), instructed that "[w]hether the statute [§ 52-592] applies cannot be decided in a factual vacuum. To enable a plaintiff to meet the burden of establishing the right to avail himself or herself of the statute, a plaintiff must be afforded an opportunity to make a factual showing that the prior dismissal was a 'matter of form' in the sense that the plaintiff's noncompliance with a court order occurred in circumstances such as mistake, inadvertence or excusable neglect." Central to a determination of whether § 52-592 applies is the particular nature of the conduct involved. Id., 570.

We conclude that the court properly granted the defendants' motion for summary judgment. The underlying events of this case occurred in 1993. Nine years

later, the plaintiff still has not managed to prosecute his action. The court dismissed his case for dormancy in February, 1997, and again dismissed it for failure to close the pleadings in November, 1999. In fact, the court twice issued notice to the plaintiff that failure to close the pleadings would result in a dismissal. Moreover, at the time that the court dismissed the case in 1999, the plaintiff still had not filed a reply to the defendants' special defenses or answered their counterclaim. The plaintiff failed to file a motion to open that dismissal and further has not proffered any explanations for his conduct.

Given the history of the case, we cannot conclude that the plaintiff's actions that led to the dismissal of his case constituted a mere accident or simple negligence. See *Skibeck* v. *Avon*, 24 Conn. App. 239, 242–43, 587 A.2d 166, cert. denied, 219 Conn. 912, 593 A.2d 138 (1991). As we noted in *Skibeck*, "[t]o allow this action to continue at this time would defeat the basic purpose of the public policy that is inherent in statutes of limitation, i.e., to promote finality in the litigation process." Id., 243. The court properly determined, as a matter of law, that the plaintiff in this case could not avail himself of § 52-592. We therefore conclude that the court properly granted the defendants' motion for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.