[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION: MOTION FOR SUMMARY JUDGMENT
The defendant, Kenneth Black[1] has moved for summary judgment against the plaintiff, Ruben Gato Espinel (Gato) in this automobile negligence case on the ground that the accidental failure of suit statute, General Statutes § 52-592,[2] is inapplicable under the facts of this case.
Gato, who is represented by the DeFronzo firm, contends that the following alleged facts form a proper basis for invoking the accidental failure of suit statute: Edison Espinel brought a negligence accident against the following individuals: James Petrino, Jr., James Petrino, Sr., Kenneth Black (the moving defendant in the present action), Matthew Allred, Robert Allred and Gato. See Espinel v. Allred, Superior Court, judicial district Stamford/Norwalk at Stamford, Docket No. 0174987 (Espinel I). That case has since been settled and withdrawn. Prior to the withdrawal, on or about September 20, 2000, Gato's attorney sent a writ, summons and cross complaint to Sheriff Alan Freedman (the sheriff) in the Espinel I matter. On or about, September 21, 2000, the sheriff informed Gato's attorney that information was missing from the summons. A revised summons was then sent to the sheriff to be substituted for the original summons. Subsequently, the attorney assigned to the plaintiff's case resigned from the DeFronzo firm. The DeFronzo firm then hired a replacement attorney by the name of Jon B. Myer (Myer). After filing various pleadings in Espinel I, Myer discovered that no appearance on behalf of the DeFronzo firm had ever been filed in the matter. Myer also discovered that the cross complaint was not in the file. Subsequently, Myer contacted the sheriff who indicated he did not keep copies of returns. A review of the firm's check ledger revealed no record of payment to the sheriff. Gato (the plaintiff) then brought the present automobile negligence action (Espinel II) pursuant to the accidental failure of suit statute asserting that the above facts amount to the type CT Page 7615 of situation for which § 52-592 was designed to rectify.
On January 22, 2002, the defendant filed a motion for summary judgment, supporting memorandum and affidavit on the ground that the plaintiff's claim is barred by the two year statute of limitations set forth in General Statutes § 52-584[3] and that the accidental failure of suit statute is inapplicable in this case.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving . . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000). Furthermore, summary judgment may be granted where the claim is barred by the statute of limitations. Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996).
The defendant argues that summary judgment is appropriate in this case because the plaintiff's claim is barred by the relevant statute of limitations. Furthermore, the defendant argues that § 52-592, a savings provision, is inapplicable in this case, because the protection is only available in a case where the original suit was properly commenced and that in this case, the cross complaint against the defendant was never commenced because the defendant was never served. In support of this fact, the defendant avers in his own affidavit that he was never served in Espinel I.
In response, the plaintiff argues that the facts of this case fall within the applicability of § 52-592 because the defendant was served in Espinel I. In support of this assertion, the only evidence proffered by the plaintiff is in the form of an affidavit of the sheriff The sheriff avers that he served the defendants in Espinel I "according to the plaintiff's attorney's instructions."
There does not appear to be any disagreement as to the applicability of the two year statute of limitation found in § 52-584. Therefore, the court's discussion will focus on § 52-592 and whether it is relevant in this case. CT Page 7616
Section 52-592 is a "saving statute," which enables plaintiff's to bring anew causes of actions despite the expiration of the applicable statute of limitations. Gillum v. Yale University, 62 Conn. App. 775,781, 773 A.2d 986, cert. denied, 256 Conn. 929, 776 A.2d 1146 (2001). Although § 52-592 should be broadly construed because of its remedial nature, it should not be construed "so broadly as to hamper a trial court's ability to manage its docket by dismissing cases for appropriate transgressions." Id., 782; Pepitone v. Serman, 69 Conn. App. 614 619, ___ A.2d ___ (2002). Our Supreme Court in Ruddock v. Burrowes,243 Conn. 569,576-77, 706 A.2d 967 (1998), instructed that "[w]hether the statute [§ 52-592] applies cannot be decided in a factual vacuum. To enable a plaintiff to meet the burden of establishing the right to avail himself or herself of the statute, a plaintiff must be afforded an opportunity to make a factual showing that the prior dismissal was a "matter of form' in the sense that the plaintiff's noncompliance . . . occurred in circumstances such as mistake, inadvertence or excusable neglect." Central to a determination of whether § 52-592 applies is the particular nature of the conduct involved. Id., 570.
Section 52-592 is intended "to avoid the hardships arising from an unbending enforcement of limitation statutes." Gallo v. G. Fox Co.,148 Conn. 327, 329, 170 A.2d 724 (1961). Moreover, it "should be so construed as to advance the remedy rather than to retard it." Ruddock v.Burrowes, supra, 243 Conn. 569, 583.
The court finds that a genuine issue of material fact remains in dispute as to whether the defendant was ever served in Espinel I. The defendant's affidavit contains a conclusive statement that he was never served. Such a statement may meet the defendant's initial burden, however, when these statements are viewed in the context of the plaintiff's affidavit, there are apparent unresolved issues which make this case ill suited for summary judgment.
Evaluating the facts in this case in the light most favorable to the non-movant plaintiff, the court may take judicial notice that an initial law suit was commenced in Espinel I. See McCarthy v. Warden, 213 Conn. 289,293, 567 A.2d 1187 (1989), cert. denied, 496 U.S. 939, 111 S.Ct. 1737,110 L.Ed.2d 667 (1991) (a trial court may take judicial notice of court files in another suit.) In addition, the plaintiff submits the sheriff's affidavit in support of its contention that the defendant was indeed served with the writ, summons and cross complaint in Espinel I. The affidavit makes a very specific statement that the parties were served "according to the plaintiff's attorney's instructions." Since the defendant was indeed a named defendant in Espinel I, the sheriff's averment creates a genuine issue of material fact as to whether the CT Page 7617 defendant was served.
The court finds that a genuine issue of material fact as to whether the defendant was served exists and thus, it is unclear whether some "mistake, inadvertence or excusable neglect" occurred which would justify invoking the savings provision in § 52-592. Without further conclusive evidence that the defendant was not served in Espinel I, this court cannot make a definitive statement as to the applicability of the savings provision. Accordingly, the defendant's motion for summary judgment is denied.
So Ordered.
________________________ D'ANDREA, J.T.R.