GEORGE STEVENSON ET AL. *v.* PEERLESS
INDUSTRIES, INC., ET AL.
(AC 22326)

Dranginis, Flynn and West, Js.

Submitted on briefs June 7—officially released October 1, 2002

*M. Leonard Caine III* filed a brief for the appellants (plaintiffs).

*Jonathan D. Berchem* filed a brief for the appellees (named defendant et al.).

*Opinion*

DRANGINIS, J. The plaintiffs, George Stevenson and Euganna P. Stevenson,[1] appeal from the judgment rendered by the trial court following the granting of the motion to dismiss that was filed by the defendants Peer-

---

[1] The plaintiffs are married. Euganna P. Stevenson is a party to this appeal because she claimed a loss of consortium as a result of personal injuries sustained by George Stevenson. For convenience, we refer in this opinion to George Stevenson as the plaintiff.

less Industries, Inc., and Peerless Sales Company (Peerless).[2] The issue presented is whether the court properly determined that the plaintiff could not bring this action under the accidental failure of suit statute, General Statutes § 52-592. We conclude that the court improperly decided that the plaintiff could not avail himself of § 52-592 and, accordingly, reverse the judgment of the trial court in part.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. In 1996, while taking a break in the employees' lounge of the automobile parts store in Hartford where he worked, the plaintiff was injured when a wall mounted television fell on him. The plaintiff filed an action on August 8, 1998, against Peerless and Barr, Inc. (Barr), alleging, in pertinent part, that Peerless had negligently manufactured, designed and constructed the stand that held the television, and that Barr negligently and improperly had attached the television stand's brackets to the wall. At the time that the action was filed, the plaintiff had relocated from Connecticut and was, and continues to be, a resident of the state of Pennsylvania.

In November, 1998, Peerless filed a request to revise the complaint. The plaintiff failed to respond to the request to revise. In December, 1998, Peerless sent discovery requests to the plaintiff, which the plaintiff also failed to answer. Pursuant to Practice Book § 14-3, Peerless accordingly filed a motion for a judgment of nonsuit for failure to comply with discovery requests, which the court granted July 8, 1999. The plaintiff did not respond to the motion for a judgment of nonsuit, nor did he attempt to open the judgment.[3] Barr separately

---

[2] We refer in this opinion to the defendants Peerless Industries, Inc., and Peerless Sales Company collectively as Peerless.

[3] General Statutes § 52-212 (a) provides in relevant part that "[a]ny judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months . . . ." See also Practice Book § 17-43 (a).

pursued similar actions and also obtained a judgment of nonsuit.

The plaintiff commenced a second action on July 6, 2000 setting forth the identical allegations and claims, with the exception of adding another section that invoked § 52-592.[4] The complaint was served on Peerless and on Barr. In bringing his action pursuant to the accidental failure of suit statute, the plaintiff alleged that he had not received notice of the entry of nonsuit. Peerless filed a motion to dismiss the complaint, arguing that the plaintiff could not avail himself of the accidental failure of suit statute because his failure to prosecute the case diligently was not due to mere mistake, inadvertence or excusable neglect. Raising the same argument, Barr also filed a separate motion to dismiss the plaintiff's complaint.

In opposition to the motions to dismiss, the plaintiff contended that he had failed to respond to the discovery requests due to miscommunication with one of his attorneys, who practiced in Pennsylvania and had been retained to handle the plaintiff's workers' compensation claim. The plaintiff argued that he could not comply adequately with the discovery requests without receiving certain documents and assistance from Pennsylvania counsel. The plaintiff attached copies of facsimiles

---

[4] General Statutes § 52-592 (a) provides: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."

that he had sent to Pennsylvania counsel seeking assistance to comply with discovery. Apparently, Pennsylvania counsel misunderstood the time frame for answering discovery requests in Connecticut. The plaintiff also argued that once he received the answers to the discovery requests from Pennsylvania counsel, counsel's secretary failed to recognize them as such and failed to prepare a motion to open the judgment, as instructed. Moreover, the plaintiff claimed that the mistakes that occurred in pursuing his case did not constitute "egregious conduct" and that he therefore was entitled to avail himself of the accidental failure of suit statute.[5]

The court, *McLachlan, J.*, granted Barr's motion to dismiss on December 18, 2000. In dismissing the plaintiff's case, the court concluded that "[c]ounsel's failure to respond to the discovery requests was not caused by mistake, excusable neglect or inadvertence. It was caused by inaction. . . . Counsel has not explained in any way the nonsuit for failure to plead. . . . The plaintiffs did nothing to respond to numerous pleadings, motions or requests filed by Barr. This is not inadvertence, but negligent and dilatory conduct. . . . [Section 52-592] does not provide the plaintiffs protection due to the pattern of behavior that led to the dismissal of the plaintiffs' case." The court, *Martin, J.*, subsequently granted Peerless' motion to dismiss on July 31, 2001, adopting and incorporating Judge McLachlan's reasoning and conclusion that was utilized in deciding Barr's motion to dismiss. The plaintiff then filed motions to reargue, which were denied. This appeal followed. This court subsequently granted Barr's motion to dismiss as untimely the plaintiff's appeal as to Barr. Barr, therefore, is not involved in this appeal.

[5] Apparently, the plaintiff withdrew his claim that he had failed to receive notice of the entry of nonsuit.

On appeal, the plaintiff claims that he was entitled to avail himself of the accidental failure of suit statute, and, therefore, that the trial court improperly granted Peerless' motion to dismiss. We agree and reverse the judgment of the trial court as to Peerless.

We first set forth our standard of review governing motions to dismiss.[6] "Our standard of review of a trial court's findings of fact and conclusions of law in connection with a motion to dismiss is well settled. A finding of fact will not be disturbed unless it is clearly erroneous. . . . [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts . . . . Thus, our review of the trial court's ultimate legal conclusion and resulting [granting] of the motion to dismiss will be de novo. . . . A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Internal quotation marks omitted.) *Henriquez* v. *Allegre*, 68 Conn. App. 238, 242, 789 A.2d 1142 (2002).

As previously stated, § 52-592, the accidental failure of suit statute, provides in relevant part: "(a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."

---

[6] We note, as the trial court also observed, that although a motion to dismiss may not be the appropriate procedural vehicle for asserting that an action is not saved by General Statutes § 52-592, our Supreme Court has held that a court properly may consider a motion to dismiss in such circumstances when the plaintiff does not object to the use of the motion to dismiss. *Henriquez* v. *Allegre*, 68 Conn. App. 238, 241 n.6, 789 A.2d 1142 (2002), citing *Capers* v. *Lee*, 239 Conn. 265, 269–70 n.9, 684 A.2d 696 (1996). In the present case, because the plaintiff did not object to the use of a motion to dismiss, the court properly decided the motion on the merits.

Warranting a broad construction, § 52-592 (a) essentially is remedial in nature. *Ruddock* v. *Burrowes*, 243 Conn. 569, 575, 706 A.2d 967 (1998). "Deemed a 'saving statute,' § 52-592 enables plaintiffs to bring anew causes of action despite the expiration of the applicable statute of limitations. . . . Although § 52-592 should be broadly construed because of its remedial nature, it should not be construed 'so broadly as to hamper a trial court's ability to manage its docket by dismissing cases for appropriate transgressions.' " (Citation omitted.) *Pepitone* v. *Serman*, 69 Conn. App. 614, 619, 794 A.2d 1136 (2002).

In the seminal case of *Ruddock* v. *Burrowes*, supra, 243 Conn. 576–77, our Supreme Court instructed that "[w]hether [§ 52-592] applies cannot be decided in a factual vacuum. To enable a plaintiff to meet the burden of establishing the right to avail himself or herself of the statute, a plaintiff must be afforded an opportunity to make a factual showing that the prior dismissal was a 'matter of form' in the sense that the plaintiff's noncompliance with a court order occurred in circumstances such as mistake, inadvertence or excusable neglect." A determination of the applicability of § 52-592 depends on the particular nature of the conduct involved. *Pepitone* v. *Serman*, supra, 69 Conn. App. 619.

We conclude that the court improperly determined that the plaintiff could not avail himself of § 52-592 (a) and therefore that the court improperly granted Peerless' motion to dismiss. The plaintiff's actions in this case constitute the type of excusable neglect to which our Supreme Court referred in *Ruddock* and did not rise to the level of egregious conduct. This is not a situation beset by years of unnecessary litigation and "cumulative transgressions." *Gillum* v. *Yale University*, 62 Conn. App. 775, 783, 773 A.2d 986, cert. denied, 256 Conn. 929, 776 A.2d 1146 (2001). Rather, as the plaintiff explained, after filing his action in 1998, he

failed to respond timely to the request to revise and to discovery demands, due, in part, to miscommunication with counsel in Pennsylvania.

The cases in which we have reviewed, and affirmed, challenges to a court's decision that a plaintiff could not invoke § 52-592 (a) reveal fact patterns vastly different from the present case. For example, in *Skibeck* v. *Avon*, 24 Conn. App. 239, 587 A.2d 166, cert. denied, 219 Conn. 912, 593 A.2d 138 (1991), we affirmed the court's rendering of summary judgment in an action that had been filed pursuant to § 52-592 as a result of the repeated dismissals of the case and the plaintiff's egregious conduct during the course of numerous years. In *Skibeck*, the plaintiff originally had filed an action in 1980 regarding an accident that had occurred in January, 1979. Id., 240. After eleven years of litigation and the trial court's dismissal of the case three times for failure to appear and failure to prosecute, we concluded that "[t]o allow this action to continue at this time would defeat the basic purpose of the public policy that is inherent in statutes of limitation, i.e., to promote finality in the litigation process." Id., 243.

In *Gillum* v. *Yale University*, supra, 62 Conn. App. 787, a case on which Peerless relies, we also affirmed the court's rendering of summary judgment on the ground that the plaintiffs could not bring the action pursuant to § 52-592 (a). The plaintiffs in *Gillum* had filed an action in April, 1991, alleging medical malpractice that had occurred from the fall of 1988 through the winter of 1989. Id., 777. After the court rendered three judgments of dismissal, one in 1992, another in 1993 and the third in 1997, the plaintiffs in January, 1998, filed an action pursuant to § 52-592 (a).[7] Id., 777–78. In

---

[7] The court dismissed the case under its dormancy dismissal program in December, 1992, after the plaintiff had failed to respond to the defendant's request to revise the complaint dated June, 1991. *Gillum* v. *Yale University*, supra, 62 Conn. App. 777. The court, however, granted the plaintiffs' motion to open the judgment in April, 1993. Id. The defendant then filed a second

affirming the judgment dismissing that action, we agreed that the case was "beset by lackadaisical behavior by the plaintiffs at every turn. . . . In addition to the fact that the plaintiffs' conduct occasioned three dismissals, which hampered the movement of the case toward a resolution, the plaintiffs further hindered the progress of the case by continually running deadlines to their limits before filing motions to reopen or complying with court orders. Even after the third dismissal, the plaintiffs' counsel failed to communicate promptly to the court an explanation for his conduct. . . . That pattern of conduct, evidenced by the court file, far surpasses mistake, inadvertence or excusable neglect." Id., 783–84.

Similarly, in *Pepitone* v. *Serman*, 69 Conn. App. 616, the court twice rendered a judgment of dismissal on the ground of dormancy, in 1997 and in 1999 because of the plaintiff's failure to close the pleadings. The plaintiff in *Pepitone*, who originally filed an action in 1996 arising from events that occurred in 1993, had received several notices from the court that failure to close the pleadings would result in the dismissal of his case. Id., 615–16. Moreover, at the time of the second dismissal, the plaintiff had failed to reply to the defendant's special defenses and counterclaim, nor did he proffer any explanations for his conduct. Id., 616.

As previously stated, courts should construe § 52-592 broadly. The plaintiff's conduct here differs from and does not rise to the level of egregious conduct that transpired in the aforementioned cases. In contrast to

motion to dismiss for failure to comply with the court's order of compliance with production requests. Id. After the plaintiffs' counsel failed to appear at the court's short calendar hearing on the motion, the court granted the defendant's second motion to dismiss in June, 1993. Id., 778. The court then granted the plaintiff's subsequent motion to reopen in March, 1994. Id. When the plaintiff's counsel failed to appear at a mandatory pretrial counsel in January, 1997, the court rendered a judgment of dismissal. Id.

the years of delay and numerous motions filed in the previously discussed cases, the plaintiff's action that led to the judgment of dismissal, namely the failure to respond to a discovery request, occurred in the time span of six months. Significantly, it should be noted that this case does not involve a situation that resulted in considerable delay or inconvenience to the court or to opposing parties. See *Ruddock* v. *Burrowes*, supra, 243 Conn. 576 n.12 ("[n]onappearances that interfere with proper judicial management of cases, and cause serious inconvenience to the court and to opposing parties, are categorically different from [for example] a mere failure to respond to a notice of dormancy pursuant to Practice Book [§ 14-3]"). Moreover, the plaintiff has provided a credible excuse for his failure to respond, that is, miscommunication with his Pennsylvania counsel. It does not appear that the plaintiff failed to respond to Peerless' request for dilatory reasons or as a delay tactic, particularly when viewed in light of the fact that this case has not been plagued by years of unnecessary litigation. We further note that the plaintiff asserts that he is prepared to comply with all requests.

We therefore conclude that this situation invokes the type of "excusable neglect" that our Supreme Court provided for in *Ruddock*. The court improperly dismissed this matter and concluded that the plaintiff could not avail himself of the accidental failure of suit statute, § 52-592.

The judgment dismissing the action as against Peerless Industries, Inc., and Peerless Sales Company is reversed and the case is remanded with direction to reinstate it to the docket and for further proceedings in accordance with law.

In this opinion the other judges concurred.