[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #102
This action is brought by the plaintiff pursuant to C.G.S. § 52-592
the accidental failure of suit statute. The accident which gives raise to this litigation occurred on November 5, 1994 and the initial action was brought within the applicable statute of limitations. The first case was dismissed on May 24, 1999 for failure of the plaintiff to attend a deposition scheduled for May 3, 1999. This present action was then brought within the one year period required by § 52-592.
The defendant has now moved for summary judgment claiming that the actions of the plaintiff do not constitute the type of excusable neglect which is covered by § 52-592 and accordingly the plaintiff cannot avail himself of that provision and his case is therefore barred by the two year limitation period set forth in C.G.S. § 52-584.
Whether 52-592 applies to any given case must be determined on a case by case basis. "To enable a plaintiff to meet the burden of establishing the right to avail himself or herself of the statute a plaintiff must be afforded an opportunity to make a factual showing that the prior dismissal was a "matter of form' in the sense that the plaintiffs noncompliance with a court order occurred in circumstances such as mistake, inadvertance or excusable neglect." Ruddock v. Burrowes,243 Conn. 569, 577 (1998). The determination of the applicability of § 52-592 is a legal issue to be determined by the court rather than a jury. Gillum v. Yale University, 62 Conn. App. 775, 785 (2001).
The court held an evidentiary hearing on November 18, 2002, at which time the plaintiff testified and also offered into evidence as exhibits, hospital records documenting his in patient treatment at Waterbury Hospital on three occasions between April 2, 1999 and June 25, 1999. Pursuant to that evidentiary hearing the court finds the following facts. CT Page 15968
As noted above, the initial action was commenced by summons and complaint dated November 5, 1996. In connection therewith the defendant noticed the deposition of the plaintiff on five occasions. Depositions were notice for December 30, 1997, February 18, 1998, November 17, 1998, April 2, 1999, and May 3, 1999. Three of the first four depositions were cancelled by plaintiffs counsel and there is no record as to why the February 18, 1999 deposition was cancelled.
Based upon a letter from Attorney Peter Casey, the court finds by inference that the April 2, 1999 deposition was cancelled because Attorney Brunswick could not locate his client. The deposition was then rescheduled for May 3, 1999 and when Attorney Brunswick could still not locate his client the case was dismissed.
Between April 2, 1999 and June 25, 1999, the plaintiff was hospitalized at Waterbury Hospital on three separate occasions for a diabetes related condition which resulted in the amputation of his right great toe on June 17, 1999.
Between hospitalizations the plaintiff was on bed rest and on various medications. The plaintiff was a truck driver and as a result of the above medical problems did not work between April 1, 1999 and September 13, 1999.
The plaintiff moved from Waterbury to Naugatuck in June of 1998 and thought that he reported that change of address to Attorney Brunswick but wasn't sure. The plaintiff was never aware of his deposition being scheduled at any time.
In the court's view, the conduct of the plaintiff is this case does not rise to the level of egregious conduct which has been found to exist in those cases in which it has been held that the plaintiff cannot avail himself of § 52-592. See Gillum v. Yale University, supra; Skilbeckv. Avon, 24 Conn. App. 239 (1991); Pepeton v. Serman, 69 Conn. App. 616
(2002). CT Page 15969
Given the plaintiffs medical problems and hospitalizations during the relevant time periods and despite the fact that he may have neglected to keep his attorney advised of his whereabouts, court believes that that conduct in this case falls within the category of mistake, inadvertance or excusable neglect which is contemplated by § 52-592. See Stevensonv. Peerless Industries, Inc., et al, 72 Conn. App. 601 (2002).
Therefore, the defendant's motion for summary judgments is denied.
Thompson, J CT Page 15970