# RONALD VESTUTI *v.* JOHN V. MILLER
## (AC 31042)

Alvord, Flynn and Lavery, Js.

Argued April 15—officially released September 28, 2010

*John R. Williams*, for the appellant (plaintiff).

*Benjamin D. Gettinger*, with whom, on the brief, was *Hugh F. Keefe*, for the appellee (defendant).

*Opinion*

LAVERY, J. The plaintiff, Ronald Vestuti, appeals from the summary judgment rendered by the trial court in favor of the defendant, John V. Miller. The issue presented in this appeal is whether the court properly determined that there was no genuine issue of material fact regarding the plaintiff's ability to bring this action under the accidental failure of suit statute, General Statutes § 52-592.[1] Because we conclude that a genuine issue of material fact does exist, we reverse the judgment of the trial court.

The following facts and procedural history are relevant to our review of the plaintiff's appeal. In September, 2004, the plaintiff filed an excessive force claim against the defendant, an East Haven police officer (original action), alleging that his rights under the fourth amendment to the United States constitution were violated. On March 6, 2006, the court scheduled a mandatory pretrial conference for November 29, 2006. The notice of the pretrial stated that the parties must appear and that the failure to do so risked nonsuit, dismissal or default.

On November 29, 2006, defense counsel appeared for the pretrial. Because neither the plaintiff nor the

---

[1] General Statutes § 52-592 entitled "Accidental failure of suit; allowance of new action," provides in relevant part: "(a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . for any matter of form . . . the plaintiff . . . may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment. . . ."

plaintiff's counsel was present, the court, *Lager, J.*, granted the defendant's motion for a judgment of nonsuit. Subsequently, the plaintiff filed a motion to open the nonsuit. The plaintiff did not contest the fact of nonattendance at the pretrial conference. Rather, he claimed that, although his attorney was aware of the conference, she was on trial in a separate matter at the same time and at the same courthouse. Although his attorney acknowledged that she should have requested a break in the trial to attend the conference, due to inadvertence and the difficult nature of the litigation she was involved with, she failed to schedule the conference properly with the plaintiff and to request a recess to cover the conference. Because the other attorneys in her office were not available at the time of the pretrial conference and they had assumed that she would attend, alternate arrangements were not possible. The motion to open the nonsuit was not supported by any affidavits or other evidence. On January 3, 2007, the court denied the motion to open. The plaintiff did not appeal from the court's decision.

Instead, on November 26, 2007, the plaintiff commenced the present action, alleging the same claim as pleaded in the original action that he filed in September, 2004. In the complaint, the plaintiff asserts that the timely, original action was dismissed for a "matter of form" within the meaning of § 52-592 (a), and, thus, the statute of limitations was tolled. In response, the defendant filed a motion for summary judgment on April 1, 2009.[2] He argued that summary judgment was appropriate because the plaintiff's claim was barred by

---

[2] "Summary judgment may be granted where the claim is barred by the statute of limitations." *Doty* v. *Mucci*, 238 Conn. 800, 806, 679 A.2d 945 (1996). Filing an action beyond the date established by the applicable limitations is an appropriate ground on which to grant a motion for summary judgment when the "material facts concerning the statute of limitations [are] not in dispute . . . ." *Burns* v. *Hartford Hospital*, 192 Conn. 451, 452, 472 A.2d 1257 (1984).

the statute of limitations[3] and the plaintiff cannot use § 52-592 (a) to revive his otherwise stale claim. Specifically, the defendant argued that the plaintiff's attorney knew about the pretrial conference and, thus, made a conscious decision not to attend. Thus, the defendant asserted that the plaintiff's attorney did not merely forget about the pretrial but, rather, ignored it.

In opposition, the plaintiff relied on his motion to open the nonsuit, which the defendant had attached to his summary judgment motion, to establish the evidentiary foundation to demonstrate the existence of a genuine issue of material fact. The plaintiff offered no evidence of his own. The plaintiff argued that the conduct involved in the original action was not so egregious as to preclude his reliance on the accidental failure of suit statute. Rather, he asserted that the conduct that led to the disciplinary nonsuit was a classic illustration of the kinds of inadvertent mistakes that can bedevil the life of any busy trial attorney.

The court, *Cronan, J.*, granted the defendant's motion for summary judgment on April 21, 2009. In its memorandum of decision, the court framed the issue as whether the disciplinary nonsuit was the result of " 'mistake, inadvertence or excusable neglect' "—the applicable standard in order for the plaintiff to successfully save his cause of action under the accidental failure of suit statute. See *Ruddock* v. *Burrowes*, 243 Conn. 569, 576–77, 706 A.2d 967 (1998). In determining that the plaintiff had not met the requisite standard, the court stated: "In this matter, the plaintiff's attorney was in the same courthouse on a different floor. It appears that no effort was made to contact the presiding judge or the case flow coordinator to inform either party

---

[3] The plaintiff has not challenged the defendant's argument that, if § 52-592 (a) does not permit this action, the action would be barred by the otherwise applicable statute of limitations.

that she was on trial despite months of notice that the pretrial was to go forward. The court must also reach the assumption that since the plaintiff was not present, he may not have been informed of the pretrial or was not otherwise aware of the proceeding at which he was required to appear. [Under Connecticut precedent] the courts enforce the pace of litigation, not the parties to the litigation."[4] (Citations omitted.) This appeal followed.

"The standard of review of a trial court's decision to grant summary judgment is well established. [W]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citation omitted; internal quotation marks omitted.) *Sherwood* v. *Danbury Hospital*, 252 Conn. 193, 201, 746 A.2d 730 (2000). "A material fact is a fact which will make a difference in the result of the case. . . . [I]ssue-finding, rather than issue-determination, is the key to the procedure. . . . [T]he trial court does not sit as the trier of fact when ruling on a motion for summary judgment. . . . [Its] function is not to decide issues of material fact, but rather to determine whether any such issues exist." (Citation omitted; internal quotation marks omitted.) *Curley* v. *Kaiser*, 112 Conn. App. 213, 220, 962 A.2d 167 (2009).

---

[4] In granting the defendant's motion for summary judgment, the court made no reference in its memorandum of decision to the factual issues raised in the plaintiff's motion to open the nonsuit regarding the plaintiff's attorney and her claimed "inadvertent" failure to attend the pretrial conference due to the complexity of the trial she was litigating and her failure to request a recess to attend the pretrial conference. We also note that the court in the original action did not make any findings of fact about the reasons for the plaintiff's nonattendance at the pretrial conference.

"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) *Doty* v. *Mucci*, 238 Conn. 800, 805–806, 679 A.2d 945 (1996). "Where the trial court is presented with undisputed facts, as it was here, our review of its conclusions is plenary, as we must determine whether the court's conclusions are legally and logically correct [and find support in the facts that appear in the record]." (Internal quotation marks omitted.) *Raynor* v. *Hickock Realty Corp.*, 61 Conn. App. 234, 237, 763 A.2d 54 (2000).

We believe it helpful to begin our discussion with an examination of the case law interpreting § 52-592 (a). Section 52-592 (a) allows a plaintiff to commence a new action for the same cause, within one year, if the original action failed "to be tried on its merits . . . for any matter of form . . . ." "Deemed a saving statute, § 52-592 enables plaintiffs to bring anew causes of action despite the expiration of the applicable statute of limitations. . . . In order to fall within the purview of § 52-592, however, the original lawsuit must have failed for one of the reasons enumerated in the statute." (Citation omitted; internal quotation marks omitted.) *Skinner* v. *Doelger*, 99 Conn. App. 540, 553, 915 A.2d 314, cert. denied, 282 Conn. 902, 919 A.2d 1037 (2007). Here, the court rejected, as a matter of law, the plaintiff's claim that the disciplinary nonsuit in the original action was "for any matter of form" within the meaning of § 52-592 (a).

In the seminal case of *Ruddock* v. *Burrowes*, supra, 243 Conn. 576–77, our Supreme Court considered

whether a disciplinary dismissal[5] may be characterized as a dismissal "for any matter of form" for purposes of obtaining relief pursuant to § 52-592. The court concluded that "disciplinary dismissals are not excluded categorically from the relief afforded by § 52-592 (a)"; id., 576; rather, whether the dismissal of a prior proceeding permitted a plaintiff recourse to the statute "depends upon the nature and the extent of the conduct that led to the disciplinary dismissal."[6] Id., 570. Accordingly, the court instructed that the egregiousness of the conduct precipitating the dismissal must be examined in determining whether § 52-592 applies in a given instance. Id., 576–77.

Our Supreme Court in *Ruddock* continued by cautioning that "[w]hether [§ 52-592] applies cannot be decided in a factual vacuum. . . . Instead, the propriety of applying § 52-592 depends on whether the plaintiff has made a factual showing that the prior dismissal was a matter of form in the sense that the plaintiff's noncompliance with a court order occurred in circumstances such as mistake, inadvertence or excusable neglect." (Citation omitted; internal quotation marks omitted.) *Skinner* v. *Doelger*, supra, 99 Conn. App. 554.

---

[5] "Disciplinary dismissals refer to cases dismissed for a variety of punitive reasons, such as the failure to attend a scheduled pretrial conference . . . or the failure to close the pleadings in a timely manner." (Internal quotation marks omitted.) *Skinner* v. *Doelger*, supra, 99 Conn. App. 553–54. Although in the original action in this case the court rendered judgment of nonsuit for disciplinary reasons and did not dismiss the case for disciplinary reasons, it does not change the analysis a court applies in determining the availability of § 52-592 (a). See *Stevenson* v. *Peerless Industries, Inc.*, 72 Conn. App. 601, 603, 806 A.2d 567 (2002).

[6] As we noted in *Skinner* v. *Doelger*, supra, 99 Conn. App. 557–58, "our Supreme Court [has drawn] a critical distinction between categories of cases involving, for instance, [n]onappearances that interfere with proper judicial management of cases, and cause serious inconvenience to the court and to opposing parties . . . and those involving things such as a mere failure to respond to a notice of dormancy . . . ." (Citation omitted; internal quotation marks omitted.)

"The [Supreme Court in *Ruddock*] provided additional guidance by explaining that failing to appear at scheduled hearings might constitute egregious conduct if a party exhibits a pattern of behavior that interferes with proper judicial management of cases." *Gillum* v. *Yale University*, 62 Conn. App. 775, 783, 773 A.2d 986, cert. denied, 256 Conn. 929, 776 A.2d 1146 (2001). "The inquiry under § 52-592, therefore, may be conceptualized as a continuum whereupon a case must be properly placed between one extreme of dismissal for mistake and inadvertence, and the other extreme of dismissal for serious misconduct or cumulative transgressions." *Skinner* v. *Doelger*, supra, 554.

Based on the foregoing, we conclude that a genuine issue of material fact exists, and, thus, we reverse the judgment of the trial court. The court's memorandum of decision fails to consider the claimed justification for the failure of the plaintiff's attorney to attend the pretrial conference. We hold that this alleged justification creates a genuine issue of material fact as to whether the plaintiff can establish that the disciplinary nonsuit was a "matter of form in the sense that the plaintiff's noncompliance with a court order occurred in circumstances such as mistake, inadvertence or excusable neglect." *Ruddock* v. *Burrowes*, supra, 243 Conn. 577.

Although we conclude that summary judgment is inappropriate in this case, we go on to note that the Supreme Court in *Ruddock* stated that one incident of unjustifiable misconduct, such as missing a conference and failing to offer the court a credible excuse for such behavior, could suffice to preclude application of the statute. *Ruddock* v. *Burrowes*, supra, 243 Conn. 576 n.12. From a policy perspective, we also note that although § 52-592 should be broadly construed because of its remedial nature, "[o]ur judicial system cannot be controlled by the litigants and cases cannot be allowed

to drift aimlessly through the system. To reduce delay while still maintaining high quality justice, it is essential that we have judicial involvement in maintaining cases. . . . Judges must be firm and create the expectation that a case will go forward on the specific day that it is assigned." (Internal quotation marks omitted.) *Gionfrido* v. *Wharf Realty, Inc.*, 193 Conn. 28, 32–33, 474 A.2d 787 (1984).

In light of the above, an unresolved issue raised by the plaintiff's motion to open the nonsuit exists. In direct opposition to the allegation of inadvertence that the plaintiff's attorney relies on, the defendant contends that the accidental failure of suit statute is inapplicable because the plaintiff's attorney missed the scheduled pretrial conference not due to inadvertence but, rather, due to her conscious decision to disregard the court-ordered pretrial. Furthermore, we note again that "[w]hether the statute applies cannot be decided in a factual vacuum. To enable a plaintiff to meet the *burden* of establishing the right to avail himself or herself of the statute, a plaintiff must be afforded an opportunity to make a factual showing that the prior dismissal was a matter of form in the sense that the plaintiff's noncompliance with a court order occurred in circumstances such as mistake, inadvertence or excusable neglect." (Emphasis added; internal quotation marks omitted.) *Ruddock* v. *Burrowes*, supra, 243 Conn. 576–77.

Consequently, the plaintiff should be afforded the opportunity to have the court determine this issue— that the judgment of nonsuit entered due to the mere inadvertence of the plaintiff's attorney—especially given the surrounding circumstances in which the plaintiff's attorney knew for months in advance the date of the mandatory pretrial conference and yet still failed to notify both the plaintiff of the conference and the presiding judge that she would not attend. Without the trial court appropriately weighing the evidence and

determining credibility, there is an insufficient evidentiary basis for this case to be accurately placed on the § 52-592 continuum. See *Skinner* v. *Doelger*, supra, 99 Conn. App. 554; see also *Ruddock* v. *Burrowes*, supra, 243 Conn. 578.

The judgment is reversed and the case is remanded with direction to deny the defendant's motion for summary judgment and for further proceedings in accordance with law.

In this opinion the other judges concurred.