******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOSEPHINE MILLER *v.* BOARD OF
EDUCATION OF THE CITY OF
BRIDGEPORT ET AL.
(AC 40333)

Elgo, Bright and Moll, Js.

*Syllabus*

The plaintiff brought this action in May, 2015, against the defendants alleging
  claims for quantum meruit and unjust enrichment related to the payment
  for certain legal services she allegedly had provided. The plaintiff had
  brought an action alleging similar claims in 2010, which was dismissed
  by the trial court. This court affirmed that dismissal in October, 2013.
  During the pendency of the 2010 action, the plaintiff brought an action
  in 2012 alleging race discrimination claims, which was removed to fed-
  eral court and dismissed. The plaintiff's appeal in that action was dis-
  missed in October, 2014. The trial court granted the defendants' motion
  to dismiss the present action, concluding, inter alia, that the plaintiff
  could not avail herself of the accidental failure of suit statute (§ 52-592
  [a]), which requires a new action for the same cause to be commenced
  within one year after the determination of the original action, because
  she had failed to commence the present action within one year after
  the determination of the 2010 action, which was the original action for
  purposes of § 52-592 (a). On the plaintiff's appeal to this court, *held* that
  the trial court properly granted the defendants' motion to dismiss the
  present action as untimely, the plaintiff having failed to file this action
  within the one year savings period: the 2010 action, in which the plaintiff
  raised claims sounding in quantum meruit and unjust enrichment like
  in the present action, was the original action for purposes of § 52-592,
  and the 2012 action, in which the plaintiff asserted race discrimination
  under a federal statute, was not for the same cause as the present action
  and, thus, its disposition had no bearing on the timeliness of the present
  action; accordingly, to take advantage of § 52-592, the plaintiff would
  have had to commence the present action within one year after the
  determination of the 2010 action, the dismissal of which this court
  affirmed on appeal in October, 2013, and because the plaintiff com-
  menced the present action in May, 2015, which was outside the one
  year period, she could not take advantage of the savings statute.

Argued December 10, 2018—officially released March 12, 2019

*Procedural History*

Action to recover damages for, inter alia, quantum
meruit, and for other relief, brought to the Superior
Court in the judicial district of Danbury, where the
court, *Shaban, J.*, granted the plaintiff's motion to cite
in the City of Bridgeport as a defendant; thereafter, the
court, *Truglia, J.*, granted the defendants' motion to
dismiss and rendered judgment thereon; subsequently,
the court granted the defendants' motion to correct and
issued a corrected memorandum of decision, and the
plaintiff appealed to this court. *Affirmed.*

*Josephine S. Miller*, self-represented, the appellant
(plaintiff).

*John P. Bohannon*, deputy city attorney, for the
appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Josephine Miller, appeals from the judgment rendered by the trial court following its granting of the motion to dismiss filed by the defendants, the Board of Education of the City of Bridgeport (board), Mark Anastasi, and the City of Bridgeport (city).[1] On appeal, the plaintiff claims that the trial court erred in dismissing the action as untimely because it was saved by the accidental failure of suit statute, General Statutes § 52-592 (a),[2] and, therefore, should have been allowed to proceed. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. On June 23, 2010, the plaintiff, representing herself, commenced an action in the Superior Court seeking payment from the board for legal services she allegedly provided in 2010 to Andrew Cimmino, a defendant in an action brought in federal court; see *Lyddy* v. *Cimmino*, United States District Court, Docket No. 3:06CV01420 (CFD) (D. Conn.); whom the plaintiff alleged was entitled to a defense and indemnification by the board pursuant to General Statutes § 7-101a (a).[3] See *Miller* v. *Board of Education*, Superior Court, judicial district of Fairfield, Docket No. CV-10-6011406-S (2010 action). The claims raised by the plaintiff in the 2010 action sounded in quantum meruit and unjust enrichment. On July 10, 2012, the court dismissed the 2010 action on the basis of the plaintiff's failure to appear at trial. On July 24, 2012, the plaintiff filed a timely motion for reconsideration of the judgment of dismissal. On November 19, 2012, the trial court denied the plaintiff's motion for reconsideration. On December 10, 2012, the plaintiff appealed from the judgment of dismissal to this court, which affirmed the judgment on October 1, 2013. See *Miller* v. *Board of Education*, 146 Conn. App. 901, 75 A.3d 98 (2013) (per curiam).

Meanwhile, on August 6, 2012, while the plaintiff's motion for reconsideration in the 2010 action was pending, the plaintiff, representing herself, commenced another action in the Superior Court. See *Miller* v. *Board of Education*, Superior Court, judicial district of Danbury, Docket No. CV-12-6010257-S (2012 action). In the 2012 action, the plaintiff asserted race discrimination claims against the board and Anastasi, the city attorney, in his official and individual capacities, pursuant to 42 U.S.C. § 1981. The plaintiff did not raise, however, a claim of quantum meruit or unjust enrichment in the 2012 action and did not purport to file the 2012 action pursuant to § 52-592. On August 31, 2012, the board filed a notice of removal of the 2012 action to the United States District Court for the District of Connecticut. On July 30, 2014, the federal District Court ordered, among other things, that the 2012 action be dismissed with prejudice as a sanction pursuant to rule 11 of the Federal Rules of Civil Procedure for the plain-

tiff's knowingly making false allegations in the complaint. See *Miller* v. *Board of Education*, United States District Court, Docket No. 3:12CV01287 (JAM) (D. Conn. July 30, 2014). On September 27, 2014, the plaintiff filed a notice of appeal to the United States Court of Appeals for the Second Circuit. On December 10, 2014, the Second Circuit issued a mandate dismissing the plaintiff's appeal, effective October 29, 2014.

On May 6, 2015, the plaintiff commenced the present action against the board and Anastasi in his official and individual capacities, asserting claims sounding in quantum meruit and unjust enrichment. On August 17, 2015, after obtaining the court's permission, the plaintiff filed an amended complaint, which added the city as a defendant. On November 16, 2015, the defendants filed an answer and special defenses. On November 18, 2016, the defendants filed a motion to dismiss asserting, inter alia, that the present action was commenced beyond the one year savings provision of § 52-592 (a). On April 7, 2017, the trial court granted the defendants' motion to dismiss, concluding that (1) the plaintiff could not avail herself of § 52-592 (a) because the dismissal of the 2010 action resulted from the plaintiff's lack of diligence and her failure to appear at trial, and not one of the grounds set forth in the statute to render it a qualifying failed action; and (2) even if the plaintiff could avail herself of § 52-592 (a), the plaintiff had failed to commence the present action within one year after the determination of the 2010 action, which was the original action for purposes of § 52-592 (a).[4] This appeal followed.

"We first set forth our standard of review governing motions to dismiss. Our standard of review of a trial court's findings of fact and conclusions of law in connection with a motion to dismiss is well settled. A finding of fact will not be disturbed unless it is clearly erroneous. . . . [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts . . . . Thus, our review of the trial court's ultimate legal conclusion and resulting [granting] of the motion to dismiss will be de novo. . . . A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Footnote omitted; internal quotation marks omitted.) *Stevenson* v. *Peerless Industries, Inc.*, 72 Conn. App. 601, 606, 806 A.2d 567 (2002).[5]

On appeal, the plaintiff claims that the trial court erroneously dismissed the present action as untimely. Specifically, she argues: (1) the court improperly concluded that § 52-592 (a) was not available to her based on its finding that the 2010 action was dismissed as a result of her lack of diligence and her failure to appear at trial; and (2) the court improperly concluded that,

even if § 52-592 (a) were available to her, she failed to commence the present action within the one year savings period.[6] We conclude that, even if we assume, arguendo, that the plaintiff could avail herself of § 52-592 (a), she failed to commence the present action within the one year savings period.[7]

Section 52-592 (a) provides in relevant part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated . . . for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff . . . may commence a new action . . . for the same cause at any time *within one year after the determination of the original action* or after the reversal of the judgment." (Emphasis added.) "[U]nder the provisions of § 52-592 (a) 'original action' means the first action filed within the time allowed by the applicable statute of limitations." *Pintavalle* v. *Valkanos*, 216 Conn. 412, 419, 581 A.2d 1050 (1990). Section 52-592 (c) provides: "If an appeal is had from any such judgment to the Supreme Court or Appellate Court, the time the case is pending upon appeal shall be excluded in computing the time as above limited."

Here, the 2010 action, in which the plaintiff raised claims sounding in quantum meruit and unjust enrichment, is the "original action." The 2012 action, in which the plaintiff asserted race discrimination claims pursuant to 42 U.S.C. § 1981, was not for the "same cause" as the present action, in which the plaintiff again asserted claims sounding in quantum meruit and unjust enrichment, and, thus, the disposition of the 2012 action has no bearing on the timeliness of the present action under § 52-592 (a). See *Peabody N.E., Inc.* v. *Dept. of Transportation*, 250 Conn. 105, 118, 735 A.2d 782 (1999) (concluding that subsequent action in which plaintiff "relies upon the same facts, makes the same allegations, and seeks the same relief" is action for same cause).[8] Thus, to take advantage of § 52-592 (a), the plaintiff would have had to commence the present action within one year after the "determination" of the 2010 action.

On December 10, 2012, after the trial court had denied her motion for reconsideration on November 19, 2012, the plaintiff appealed from the July 10, 2012 judgment dismissing the 2010 action, which this court affirmed on October 1, 2013. Excluding the time that the 2010 action was pending upon appeal; see § 52-592 (c); we conclude that the one year savings period under § 52-592 (a) expired in 2014.[9] Having commenced the present

action in May, 2015, the plaintiff could not take advantage of the savings statute. Accordingly, we conclude that the court properly granted the defendants' motion to dismiss the present action as untimely and rendered judgment thereon.

The judgment is affirmed.

[1] For purposes of clarity, we refer to the board, Anastasi, and the city collectively as the defendants, and individually by name.

[2] General Statutes § 52-592 (a) provides in relevant part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated . . . for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."

[3] General Statutes § 7-101a (a) provides in relevant part: "Each municipality shall protect and save harmless any municipal officer, whether elected or appointed, of any board, committee, council, agency or commission . . . or any municipal employee, of such municipality from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence, or for alleged infringement of any person's civil rights, on the part of such officer of such employee while acting in the discharge of his duties."

[4] On April 10, 2017, the court issued a corrected memorandum of decision to correct a scrivener's error.

[5] "[A]lthough a motion to dismiss may not be the appropriate procedural vehicle for asserting that an action is not saved by . . . § 52-592, our Supreme Court has held that a court properly may consider a motion to dismiss in such circumstances when the plaintiff does not object to the use of the motion to dismiss." *Stevenson* v. *Peerless Industries, Inc.*, supra, 72 Conn. App. 606 n.6. In the present case, because the plaintiff did not object to the use of a motion to dismiss, the court properly decided the motion on the merits.

[6] In her appellate brief, the plaintiff also argues that the trial court failed to articulate its decision with respect to a constitutional argument that she raised. After filing this appeal, the plaintiff filed a motion for articulation, which the trial court denied. The plaintiff did not file a motion for review of the denial of her motion for articulation. To the extent that the plaintiff asserts that the court erred in denying her motion for articulation, we decline to review this claim. Pursuant to Practice Book § 66-5, "[t]he sole remedy of any party desiring the court having appellate jurisdiction to review the trial court's decision on the motion [for articulation] filed pursuant to this section . . . shall be by motion for review under Section 66-7." Thus, the plaintiff's "pursuit of review and remedy through appeal is . . . inappropriate." *Macellaio* v. *Newington Police Dept.*, 145 Conn. App. 426, 437–38, 75 A.3d 78 (2013).

[7] Because we disagree with the plaintiff's second argument, we need not address the merits of the plaintiff's first argument. In addition, as an alternative ground for affirmance, the defendants argue that the plaintiff lacks standing to bring a direct claim for indemnification under General Statutes § 7-101a against a municipality. We note that, although the defendants frame their argument as one of standing, the plaintiff did not assert a statutory claim under § 7-101a. Rather, her claims sound in quantum meruit and unjust enrichment, while relying on allegations that Cimmino was entitled to a defense and indemnity by the board pursuant to § 7-101a. On the basis of the record before us, we cannot conclude that the plaintiff lacked standing to assert the claims that she raised.

[8] The plaintiff argues that this court should overrule our Supreme Court's decisions in *Peabody N.E., Inc.* v. *Dept. of Transportation*, supra, 250 Conn. 105, and *Pintavalle* v. *Valkanos*, supra, 216 Conn. 412. "It is axiomatic that . . . this court [is] without authority to overrule the decisions of our Supreme Court." *West Hartford* v. *Murtha Cullina, LLP*, 85 Conn. App. 15, 24, 857 A.2d 354, cert. denied, 272 Conn. 907, 863 A.2d 700 (2004).

[9] In dismissing the present action, the trial court concluded that the one year savings period of § 52-592 (a) began to run on October 1, 2013, when this court affirmed the judgment dismissing the 2010 action. Thus, the court implicitly concluded that the savings period expired on October 1, 2014. We note that § 52-592 (c) provides that "the time the case is pending upon appeal shall be excluded in computing" the savings period, suggesting that the time between the entry of judgment and the filing of an appeal is included in such computation. Given that the parties have not addressed the effect of § 52-592 (c), and given that the present action is not saved pursuant to § 52-592 (a) regardless of whether the savings period expired on October 1, 2014, or some time prior thereto, we do not address the propriety of the court's conclusion that the savings period commenced on October 1, 2013.

———————————————